THE STATE, Plaintiff in Error, v. BRIDGES, PARIS & SMITH, Defendants in Error.

1. See the State v. Bridges, Paris and Smith, ante, p. 353.

*Error to Lawrence Circuit Court.*

---

THE STATE, Plaintiff in Error, v. SMITH & NICHOLAS, Defendants in Error.

1. An indictment under section 27 of article 8 of the act concerning crimes and punishments (R. C. 1845, p. 404), charging A. and B. with betting on the result of an election, is good, although it be not expressly charged that they bet with each other.

*Error to Lawrence Circuit Court.*

*Ewing*, (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendants were indicted for betting on the result of an election held for the purpose of electing a representative in Congress. The defendants appeared and moved to quash the indictment. The court sustained the motion and quashed the indictment. The circuit attorney excepted, and brings the case here by writ of error. The indictment is as follows : " The grand jurors for the State of Missouri, within and for the body of the county of Lawrence, upon their oath present, that one Abram T. Smith and Russel B. Nicholas, late of said county, heretofore, to-wit, on the 8th day of August, A. D. 1854, at the county of Lawrence, and state of Missouri, with force and arms, did then and there unlawfully bet and wager a sum of money, to-wit, one hundred dollars, on the result of an election which was held on the first Monday in August, A. D. 1854, between one John S. Phelps and Waldo P. Johnson, who were then running as candidates to represent the sixth congressional district in the state of Missouri, in the Congress of the United States of America ; said election being then and there authorized by the constitution of the United States of America, and by the laws of the state of Missouri, contrary," &c. This indictment is substantially good. The sum here bet is mentioned ; the defendants, though not charged expressly with betting with each other, yet must be so understood to have bet ; there is no averment that they bet with any other person or persons, and the plain import of the charge is, as alleged in this indictment, that they bet with each other. The venue to the authority by which the election was held is not necessary, is useless, and it can not have the effect of rendering the indictment uncertain or repugnant because two different times have previously been stated in the indictment. (See the opinion just delivered in the case of the State v. Bridges et al.)

The court below did commit error therefore in quashing this indictment ; its judgment is reversed, and the cause remanded ; the other judges concurring.