# CHARLESTOWN.

### KINSLEY *v.* COUNTY COURT.

Submitted June 26, 1888.—Decided September 15, 1888.

1. CONTRACT—PERFORMANCE—COUNTY.

    Where a County Court made a contract for making a road and building a bridge according to certain specifications, and added, " to the satisfaction of the court," it means that it must be done according to the specifications, and that would be to the satisfaction of the court. In such case, in a suit by the contractors for damages for breach of the contract, the declaration need not allege that the work was done " to the satisfaction of the court."

2. CONTRACTS—EVIDENCE—REPORT OF COMMISSIONERS.

    Where an action is brought for breach of contract made by commissioners of a County Court with the plaintiff, a report made by these commissioners to the County Court, that the contractor had failed to comply with his contract, is improper evidence.

3. PLEA—PAYMENT—JOINDER OF ISSUE—*Similiter.*

    A plea of payment should conclude to the country; and, where a plea of payment is entered, the plaintiff may, without the formal addition of the *similiter*, proceed to trial as though the issue had been formally joined.

4. VERDICT—JURY—EMPANELING—OATH.

    If a jury be sworn to try the issue, and several issues have been joined, and the verdict of the jury is responsive to them all, the appellate court will disregard such irregularity, and will consider all the issues as decided by the verdict.

2. REVERSAL OF JUDGMENT—INSTRUCTIONS—MATTERS NOT APPARENT ON RECORD.

    Where the court refuses an instruction to the jury, the appellate court will not reverse the judgment, unless enough of the evidence has been set out in the exception to show the relevancy and propriety of the instruction, because error must affirmatively appear; and for the same reason, if the court gives the instruction, before the appellate court will reverse the judgment, the record must show the instruction wrong, or that it could not in any aspect of the case be properly given.

*P. H. Keck* for plaintiff in error.

*Berkshire & Sturgiss* for defendant in error.

JOHNSON, PRESIDENT:

John A. Kinsley in December, 1884, brought *assumpsit* against the defendant to recover damages for breach of a contract to alter a road and build a bridge for said county. The declaration contained the common counts and also a special count. The defendant demurred to the declaration and each count, and the court overruled the demurrer. The defendant then pleaded *non assumpsit*, on which the plaintiff took issue. The defendant also pleaded payment, to which plea there was no formal replication. The jury was sworn to try the issue, and rendered a verdict for the plaintiff for the sum of $287.00. A motion was made by the defendant to set aside the verdict, and for a new trial, which motion the court overruled, and entered judgment on the verdict. During the trial the defendant saved three several bills of exceptions; the first, to the refusal of the court to admit in evidence a certain order of the County Court; the second, to the giving of an instruction ; the third, to the refusal to set aside the verdict and grant a new trial. To the judgment the defendant obtained a writ of error and *supersedeas*.

The first error assigned is to the overruling of the demurrer to the declaration. The only objection urged against the declaration is that the special count is fatally defective, because it does not allege that the work on the railroad-bridge was done to the satisfaction of the court. The bond executed by the contractor, Kinsley, with Lanham and Hall sureties, to do the work recites the contract ; which was as follows : That Kinsley, for the sum of $800, should make the road and bridge according to certain specifications, which were set out; and, in the bond, the contractor bound himself, " in consideration of the sum of eight hundred dollars to be paid to the said John A. Kinsley when said work is completed, according to the specifications aforesaid, and to the satisfaction of the County Court of Monongalia county," to complete said work, according to said specifications, by November 1, 1883. The bond concludes : "Now, if the said John A. Kinsley shall fully and faithfully perform said work according to the specifications aforesaid, and within the time aforesaid, then the above obligation to be void ; else to remain in full force

and virtue." If the work was done according to the specifications, and within the time required, it would certainly be to the satisfaction of the court, within the meaning of the terms of the bond. The contract was to make the road and build the bridge, according to the specifications, and within the time specified, for the consideration of $800.00. It was not necessary that the declaration should allege that they were made and built " to the satisfaction of the court." The declaration is good, and the demurrer was properly overruled.

The next error assigned is that the court erred in not setting aside the verdict, because there was no replication to the defendant's plea of payment. In *Douglass* v. *Land Co.*, 12 W. Va. 502, it was held that the plea of payment, whether in *assumpsit*, debt, or covenant, should, in this State, conclude to the country. In *Bank* v. *Kimberlands*, 16 W. Va. 555, it was held that if a plea concludes to the country, as *non assumpsit* or payment, the plaintiff may, without the formal addition of the *similiter*, proceed to trial, as though the issue had been formally joined. In that case, as in this, the defendant pleaded *non assumpsit* and payment. In that case there were no replications filed to the pleas, or either of them, and no formal issue was joined on either of these pleas. The court said : " Though no formal issues were taken on the pleas of *non assumpsit* and payment, yet, as both these properly conclude to the country, the plaintiff had a right, without the formal addition of a *similiter*, to proceed by trial on them, as though issue had been formally joined upon them. But it is otherwise if the plea concludes with a verification." The motion was properly overruled. In this case there were two pleas, and the order shows the jury was sworn to try the issue joined. In this case, as the verdict was responsive to both issues, this could make no difference. If the jury be sworn to try the issue, and several issues have been joined, and the verdict of the jury is responsive to them all, the appellate court will disregard such irregularity, and will consider all the issues as decided by the verdict. *Bank* v. *Kimberlands*, 16 W. Va. 555.

It is also assigned as error that the court gave the following instruction to the jury : " If the jury believe from the evidence, that plaintiff failed to prove that the road was

constructed as required by the contract in writing, yet if the defendant has accepted the plaintiff's work, and enjoys the benefit thereof, the plaintiff may recover the value to the defendant of the work so done and accepted, not exceeding the contract price, and less any payments thereon." The whole evidence is not certified. If the court had refused the instruction, the appellate court would not, on well-established principles, have reversed the judgment, unless enough evidence had been set out to show the relevancy and propriety of the instruction, because error must affirmatively appear; and for the same reason, if the court gives the instruction, the record must show the instruction wrong, or that it could not in any aspect of the case be properly given, or the court will not reverse the judgment because the instruction was given. The instruction here might be correct under certain circumstances; and from the character of the issues, we cannot say it was improper.

It is also insisted that the court erred in refusing to admit in evidence an order of the County Court. A number of orders were properly admitted, such as the order appointing viewers; the order appointing commissioners to contract for the work; the order requiring certain money to be paid to the contractor, etc. After these orders and others had been admitted, the defendant offered to read to the court a report of the commissioner who had made on behalf of the court the contract with Kinsley, which report was made to the County Court; and represented that the contractor had not complied with the requirements of his contract, and wherein he had failed; and giving their reasons for refusing to accept the road and bridge, and stating that they had on the — day of December, 1883, given another order for $300 which in their opinion was sufficient for the work done. This report was approved, and confirmed by the court. The court refused to admit this evidence, and we think properly. It was, in effect, the County Court giving its own declaration as to the breach of the contract, as evidence in its own behalf. The issue was whether the work had been done according to contract, and the commissioners could give their evidence before the jury like other witnesses, and be subject to cross-examination. But it certainly would have been subversive.

of the elementary rules of evidence to have permitted their statements, made at another time and place, in the absence of the plaintiff, to go in evidence in behalf of their employers.

The last error assigned is that the court refused to set aside the verdict, and grant a new trial. The grounds are— *First.* It was contrary to law and evidence. The evidence is not before the court. *Second.* Because the court improperly instructed the jury. We have seen the instruction was right. There is no error in the judgment, and it is affirmed.

AFFIRMED.