# WHEELING.

## STATE *v.* GRIGGS.

Submitted June 17, 1890.—Decided June 25, 1890.

1. BETTING ON ELECTIONS—INDICTMENT.

An indictment under section 9, c. 5, Code 1887, which alleges that G. and F. bet on an an election, though it does not expressly allege that they bet with each other, will be construed to mean that they bet with each other, and is therefore good.

2. BETTING ON ELECTIONS.

Under said section, a bet made after the voting has closed, but before any legal declaration of the result as to the office to which the bet relates, is an offence.

3. BETTING ON ELECTIONS—FINE.

On conviction of two parties jointly indicted under said section, there must be a separate fine against each. The fine against each must be the value of the money or other thing which he wagered plus fifty dollars.

4. JURIES—CONSTITUTIONAL LAW.

Section 29, c. 116, Code 1887, so far as it provides for the trial of misdemeanors by the court in lieu of a jury with the consent of the defendant, is constitutional.

*R. F. Kidd*, *R. F. Fleming*, and *A. L. Holt* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State, cited 15 Gratt. 653.

BRANNON, JUDGE:

H. B. Griggs and N. B. Floyd were found guilty in October, 1889, in the Circuit Court of Gilmer county, of betting on an election, and were fined each one hundred dollars; and they obtained this writ of error.

They assign as error that the court overruled their demurrer to the indictment. They specify no defect in the indictment, except that 'it does not charge with whom the defendants bet. The indictment is against the defendants jointly and alleges that they "did unlawfully wager and bet fifty dollars in money" on an election for presidential electors. It does not, it is true, allege that they bet with another person, and name that person; nor does it charge that they bet with each other. It is true the person with whom the bet is made must be stated. Bish. Stat. Cr. § 944. But, in common speech and understanding, when we say that A. and B. bet on an election or other thing, we mean that they bet with each other,—the one against the other. In *State* v. *Smith*, 24 Mo. 356, it was held, that an indictment, which charged that the defendants "did unlawfully bet and wager a sum of money, towit: one hundred dollars, on the result of an election," was good, although it did not expressly charge that they bet with

each other, as it must be understood that the defendants bet with each other, and that the plain import of the charge in the indictment was that they bet with each other. To same effect, *State* v. *Ragan,* 22 Mo. 459. I think that it would be very technical to overrule the indictment on this ground.

Another assignment of error is, that the court erred in finding and rendering judgment against the defendants on the facts agreed, because the bet was made on the evening of the day of the election. The case was tried by the court in lieu of a jury upon certain agreed facts; and it appears that on the evening of the 6th day of November, 1888, the bet was made. Whether this was before or after the polls closed does not appear. The word "evening" is indefinite, and when it begins is not fixed and certain by usage, and often includes a part of the afternoon. According to Webster it in strictness commences at sunset and continues during twilight, and night commences with total darkness. As evening begins strictly at sunset, and as by law the polls close at sunset, it may be that the failure to show affirmatively, that the bet occurred before the polls closed, would defeat the prosecution, if it were the true construction of section 9, c. 5, Code 1887, that to fall under its penalty the bet must occur before the close of voting; but to such a construction we do not subscribe.

I see two objects in the statute,—one to prevent betting; the other to promote purity in elections and the prevention of betting which may affect the result not only by corruption of the voters, while the polling is going on, but by promoting or tending to promote a false ascertainment of the result. The excitement and enthusiasm produced by elections beget a disposition to wager upon the result, which produces loss to one of the parties, promotes the evil of wagering, which is discountenanced by the law, and tends to corrupt voters by undue influences upon them, and tends, after the ballots are cast, to efforts and influences to promote false return, destruction or alteration of the ballots and false declaration of result. As to the harm done to the individual in the loss of the thing wagered it is the same whether the bet occur before or after the polls

are closed. As to the evil of promoting the practice of betting it is likewise the same. As to the malign and vicious effects upon a fair election and a declaration of the result it is the same in principle, if not in extent, in one case as in the other. So, when we look at the reasons lying under the statute, we must conclude that the legislature designed to prohibit betting on an election, not only before or during the day of election, but afterwards, until the ascertainment of the result.

The statute is: "If any person bet or wager money or other thing of value on any election held in this State," he shall be punished as therein prescribed. The words "bet on any election" are broad. Do they not mean to bet on its result? Such result comes not simply from the act of polling, but from polling, counting the votes after its close, making out certificates, their preservation, and the declaration officially made upon them; and this whole process was designed by the legislature to be placed under the benefit and protection of this statute. To give it the construction contended for by the appellants would fall short of remedying the evils sought to be remedied by the act and accomplish fully not a single one of the purposes it has in view. We should give the statute a construction to promote these desirable ends, and prevent the evil of betting on elections, which is subversive of public policy. Bish. Stat. Cr. § 933.

In *Shumate's Case*, 15 Gratt. 653, it was held that the Virginia act imposing a penalty for betting on elections should be construed as a remedial statute. It is true, that section was found in the chapter of the Virginia Code entitled "Of Offences against Public Policy," and that fact is there mentioned as a reason for construing the section as remedial; and it is true, that the section, on which this case rests, is not found in our Code in that chapter but under the chapter relating to offences against elections. But betting on elections is obviously against public policy and against public interest.

In the case of *Miller* v. *State*, 33 Miss. 356, it was held, that a bet upon the unknown result of an election, notwithstanding said bet was made after such election, is an indictable

offence. The act there applied to all persons "who shall wager or bet, or who shall promote or encourage the wagering .or betting, of any money or other valuable thing upon any cock-fight or duel, or upon the result of any election of any kind soever." The court in the opinion in the case says: "This language is certainly broad, and is sufficiently comprehensive to include any wager or bet upon the uncertain result of any election, whether made before or subsequent to the time of holding such election."

I find an Alabama case referred to (*State* v. *Mahan*, 2 Ala. 340) to the contrary; but in my judgment the reason of the matter. is decidedly with the Mississippi decision. At the time when this bet was made, no result could as yet have been made known of the election, and therefore it falls under the statute.

It is assigned as error that a fine of one hundred dollars was rendered against each of the defendants. The act of each was a personal act of his. In legal reason if more persons than one are jointly convicted of a crime, each should receive a several sentence. 1 Bish. Cr. L. §§ 954–958. Each must render the full penalty, the same as though he alone had done the criminal act. 1 Bish. Cr. Proc. § 1035; *Harris's Case*, 7 Gratt. 600. Especially so in this case, as each party wagered his separate money.

It may be that in the eighth assignment of error it was intended to raise the question, whether the statutory provision (Code 1887, c. 116 § 29) that in a misdemeanor case a jury may with consent of the defendant be waived, and the case be tried by the court in lieu of a jury, is constitutional. At any rate it is involved in the record of the case in the defendant's exception to the judgment. In view of the elaborate discussion of this matter in the case of *State* v. *Cottrill*, 31 W. Va. 162 (6 S. E. Rep. 428) I shall bestow no labor on it, but simply refer to the opinions of Judges SNYDER and GREEN therein as substantially embodying my views, and as reaching a correct conclusion. 

The parties to this bet each wagered fifty dollars. The Attorney-General insists, that the fine should have been not one hundred dollars but one hundred and fifty dollars —that is for the joint amount of the sums each wagered

plus fifty dollars—and asks us to correct the judgment. The statute provides that a person convicted shall forfeit the value of such money or other thing, and fifty dollars in addition thereto for every such offence. I think the statute intends to impose on each party to the bet what he wagered, and fifty dollars in addition, and not the sum of what both wagered, and fifty dollars in addition. We think the fine was assessed properly. Judgment is affirmed.

AFFIRMED.

# WHEELING.

*R. F. Kidd, R. F. Fleming,* and *A. L. Holt,* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State cited 15 Gratt. 653.