## CHARLESTOWN.

### STATE *v.* DENOON.

Submitted June 17, 1890.—Decided September 12, 1890.

1. TRIAL BY COURT—EVIDENCE.

    Where a case is tried by the court in lieu of a jury, it is not reversible error for the court to hear illegal evidence; but in such case the court will simply inquire whether or not, treating the plaintiff in error as a demurrant to the evidence, there is sufficient competent evidence to justify the judgment.

2. TRIAL BY COURT—MISDEMEANOR.

    In a misdemeanor case there may be a trial by the court in lieu of a jury when neither party requires a jury.

*W. Miller* and *N. C. Prickett* for plaintiff in error, cited:
Const. Art. III § 5; 22 W. Va. 812; 31 W. Va. 162;
Const. Lim. (5th Ed.) 386, 388, 487, 488; 9 Mich. 321; 97
Mass. 547; 7 Md. 416; 15 Mich. 408; 19 Am. Rep. 348;
41 Am. Rep. 497; 88 Mo. 417; Id. 88; 7 West. Rep. 117;
105 Ind. 469; 4 Am. & Eng. Ency. Law 870, 871; Code c.
116 § 29.

*Attorney-General Alfred Caldwell* cited, Code c. 32.

Snyder, President :

On August 3, 1889, J. W. Denoon was indicted in the
Circuit Court of Jackson county, (under section 1, c. 32,
Code 1887) for selling spirituous liquors without a State
license to do so.   The case was tried by the court in lieu of
a jury, and a judgment entered for the State against the
defendant for a fine of ten dollars and costs.   All the evi-
dence is certified, from which it appears, that the State
proved three sales of whisky by the defendant to the prose-
cuting witness J. C. Goodwin, who testified that said sales
were made on prescriptions.   The defendant then intro-
duced himself as a witness on his own behalf and produced
and identified the prescriptions, on which the sales had
been made, proved that they had been given by phy-
sicians qualified to give them, and that the sales on said
prescriptions were the only ones made by him to said
Goodwin.   The prosecuting attorney, then, on cross-exami-
nation, asked the defendant, "if he had, within one year
prior to the finding of the indictment, sold spirituous liquors
to any other person than said Goodwin without a prescrip-
tion ?"   The defendant objected to answering this question,
but the court overruled his objection and required him to
answer, and he excepted, and then answered that he had
sold to others without a prescription.

The defendant insists that the court erred in requiring
him to answer said question for two reasons :   *First,* be-
cause it was not proper matter for cross-examination, but
made the defendant a witness as to independent matter and
compelled him to testify against himself; and, *second,* be-
cause the question was irrelevant and improper.   Without

passing upon the first ground we think the question was improper because it was irrelevant. The only proper inquiry before the jury was whether the defendant had illegally sold whisky to J. C. Goodwin; but conceding that the court erred in requiring the defendant to answer said question, the defendant is not for that reason necessarily entitled to a reversal of the judgment.

Where a case is tried by the court in lieu of a jury, it is not reversible error for the court to hear illegal evidence, but in such case the court will simply inquire whether or not there is sufficient competent evidence in the record, treating the plaintiff in error as a demurrant to the evidence, to sustain the judgment; and, unless the judgment is plainly erroneous, the appellate court will affirm it. *Nutter* v. *Sydenstricker,* 11 W. Va. 535 ; *Claflin* v. *Steenbock,* 18 Gratt. 842.

The defendant here was not indicted as a druggist, and he offered no proof that he was a licensed druggist. In the absence of such proof it was wholly immaterial that he sold the whisky to Goodwin on a proper prescription, because under the statute no one but a licensed druggist is authorized to sell upon a prescription. But, if it had been shown that the defendant was a licensed druggist, the prescriptions offered in evidence by him would not have justified him in making the sales here complained of, because neither of them is such as the statute requires. The first merely specifies that "the liquor prescribed is strictly for medical purposes and not as a beverage;" the second says : "This is for medicine only, and is not to be used as a beverage ;" and the third is the same as the second. It will be observed that neither of these prescriptions specifies that the liquor is either necessary or absolutely necessary as a medicine. That the words "absolutely necessary" are essential to the validity of such prescription, we have decided at this term in *State* v. *Tetrick, ante* p. 137 (S. E. Rep. 1002).

It is however insisted by the plaintiff in error, that the judgment should be reversed, because the case was tried by the court in lieu of a jury. This contention is based on the supposition that section 29, c. 116, Code 1887, is unconstitutional and void. In *State* v. *Griggs, ante* p.

78 (11 S. E. Rep. 740) this Court unanimously held that said statute is constitutional and valid. This point is, therefore, clearly untenable. Upon any view of this case the judgment of the Circuit Court must be affirmed.

A<small>FFIRMED</small>.