# CHARLESTON.

## STATE *v.* ALDERTON.

50 101
52 301

Submitted June 12, 1901.   Decided November 16, 1901.

1. CRIMINAL TRIAL—*Demurrer to Evidence.*
    A demurrer to evidence is not a usual or proper practice in a criminal prosecution.   (p. 102).

2. EVIDENCE—*Motion to Exclude—Jury Waived.*
    The accused may move to exclude the evidence, or in a misdemeanor case by agreement or consent a jury may be waived, and the facts submitted to the court for determination. (p. 102).

3. INTOXICATING LIQUORS—*Excessive Use of.*
    On the trial of a licensee for selling or giving intoxicating liquors to a person in the habit of drinking to intoxication, it devolves upon the State to show beyond a reasonable doubt that such licensee knew or had reason to believe that such person was in the habit of drinking to intoxication.   (p. 103).

Error to Circuit Court, Tucker County.

S. T. Alderton was convicted of the illegal sale of liquors to a drunkard, and brings error.

*Reversed.*

L. HANSFORD, for plaintiff in error.

ATTY. GEN. FREER and ALEX. DULIN, for the State.

DENT, JUDGE:

S. T. Alderton complains of a judgment of the circuit court of Tucker County rendered against him on the 29th of November, 1899, for the sum of fifty dollars fine imposed for the unlawful sale of intoxicants to an habitual drunkard.

The court permitted the defendant to demur to the evidence and the jury find a conditional verdict, and discharged them. This was improper under our practice, for if the accused has the right to demur to the evidence, the State would have the same right without the consent of the accused, and thus the constitutional right of trial by jury could be taken away. In the case of *Doss* v. *The Commonwealth,* 1 Grat. 557, it was held that "Neither the commonwealth nor the accused has a right to demur to the evidence in a criminal prosecution, except by consent of the other party." The opinion shows that it was the intention of the court to hold that by consent of the parties in a misdemeanor case a jury might be waived, and the facts submitted to the court for determinaton as though on a demurrer to evidence. And it was certainly not the intention to hold that a person accused of crime could be permitted by a demurrer to evidence to waive his right to have the evidence establish his guilt beyond all reasonable doubt. On a demurrer to evidence all doubt must be resolved against the demurrant which renders a demurrer to evidence improper in a criminal case, for the accused is presumed to be innocent and entitled to the benefit of every reasonable doubt. The law is so settled in some states and in others it is in a state of discouraging doubt. 6 En. Plead. & Prac. 456. The accused has the right to move the court to exclude the evidence or by consent of parties in a misdemeanor case a jury may be waived and the facts may be submitted to the court. *State* v. *Cottrill,* 31 W. Va. 162; *State* v. *Griggs,* 34 W. Va. 78; *State* v. *Denoon,* 34 W. Va. 139; *State* v.

*Flanagan,* 35 S. E. 862. This was plainly the intention of the accused in this case, as he relies upon and does not waive his right to the benefit of all reasonable doubt. The State made no objection, and the conditional verdict may be regarded as surplusage.

The only question of any importance is as to whether the evidence is sufficient to sustain the finding of the court. It is clearly shown that the prosecuting witness obtained intoxicants of the accused, and also that it was known to another witness that he, the prosecuting witness, was in the habit of drinking to intoxication. The wording of the indictment, following the law is that the accused did "unlawfully sell and give away to one M. V. Miller, who is in the habit of drinking to intoxication, spirituous liquors, etc., etc., he, the said Samuel Alderton, then and there knowing and having reason to believe, the said M. V. Miller was in the habit of drinking to intoxication." This is an essential part of the offense, and devolves upon the State to establish it beyond a reasonable doubt. The evidence fails to bring this guilty knowledge home to the accused. The prosecuting witness says he does not remember when he got the intoxicants, that he has no recollection of ever being intoxicated in the presence of the accused, and never associated with him to any extent, although he was in his restaurant several times before he started a saloon, and has been in the saloon a few times since. Another witness testifies that he knew that Miller was in the habit of drinking to intoxication, but he had no information as to the knowledge of the accused. It is insisted in argument that because this witness knew the fact, the court should presume that in a small town of six hundred inhabitants a saloon keeper must know all the habitual drunkards. This the court can hardly do, for the accused is entitled to the presumption of innocence and the benefit of every reasonable doubt, and it devolves upon the State from whom he holds license to sell, to bring home to him knowledge of such facts as will establish his guilt beyond such reasonable doubt. It is impossible from the evidence to say without a reasonable doubt that at the time the accused furnished the prosecuting witness intoxicants, he knew or had reason to believe that such witness was in the habit of drinking to intoxication. Such knowledge could not be brought home to him except by very remote inferences subject to grave doubt.

The size of the town and the knowledge of one other person as to the habit of the prosecuting witness are insufficient, although tending in the right direction. If the accused had such knowledge or "reason to believe," better and more convincing evidence thereof could have been easily obtained in a town of the size of Parsons where the neighbors should be so well informed as to each other's business that no guilty man could possibly escape.

The evidence is insufficient to sustain the judgment. It is therefore reversed, and judgment entered for the defendant.

*Reversed.*