# CHARLESTON

## Risher v. Wheeling Roofing and Cornice Co.

Submitted January 31, 1905. Decided February 14, 1905.

1. Assumpsit · Plea of Payment—Practice.

In an action of assumpsit plaintiff filed his declaration at October rules, 1903, and the common order was entered thereon by the clerk. At November rules following, the defendant filed a plea of payment, answering part of the plaintiff's claim, and by an addition to the plea, acknowledged itself indebted for the residue of the plaintiff's claim, and offered to confess judgment therefor, and the clerk made an entry of a plea of the general issue by the defendant and of the common order confirmed, which entry at the ensuing term was stricken out by the court, and the plaintiff did not appear at rules after the filing of the plea of payment and either demur or reply thereto, or "sign judgment" by entering a nolle posequi for the part of the plaintiff's claim not answered by the plea of payment. Held: These proceedings at rules did not operate as a discontinuance of the action, and the clerk properly placed the case on the docket for the ensuing term of court. (p 150.)

2. Assumpsit—Continuance.

Under the circumstance of this cases the defendant was not entitled to a continuance as a matter of right at the ensuing term of Court. (pp. 154, 155.)

3. Plea of Pending Suit No Defence—Pleadings.

The pendency of a suit in equity is not ground of defense to an action at law, for the same cause of action, pending at the same time, either under the general issue or plea in abatement. (p. 156.)

4. Plea—Must be Certain.

In an action at law a plea in abatement, of a former suit pending, which does not aver whether such former suit is pending at law or in equity, is bad for uncertainty (p. 156.)

Error to Circuit Court, Ohio County.

Action by H. A. Risher against the Wheeling Roofing and Cornice Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

Handlan & Reyman and Hubbard & Hubbard, for plaintiff in error.

Caldwell & Caldwell, for defendant in error.

Cox, Judge:

On the 16th day of September, 1903, H. A. Risher instituted an action of *assumpsit* against the Wheeling Roofing and Cornice Company in the circuit court of Ohio county and filed his declaration and bill of particulars therein at October rules, 1903, and the clerk entered the common order. At November rules the defendant appeared and filed a plea of payment, concluding to the country, as to the sum of $776.93 part of the sums in the declaration mentioned, and by an addition to the plea, acknowledged itself indebted to the plaintiff in the sum of $10.00, the residue of plaintiff's claim as shown by his bill of particulars, and confessed or offered to confess judgment therefor, and the clerk made the following entries on the rule docket. Common order confirmed and writ of enquiry, plea of payment and general issue filed by the defendant, plea of payment and confession of judgment. Without any proceedings at rules the action was placed on the docket for the November term of the circuit court, which began on the 16th of November, 1903. On the first day of the term the defendant moved the court to remand the action to rules, and the arguments on the motion were set down for November 19th, 1903. On the 19th of December, 1903, an order was entered whereby it appears substantially as follows: The defendant having at a former day of the term moved the court to strike this action from the docket and remand it to rules on the ground that it was improperly on the docket, the plaintiff having at the same time moved the court to strike from the file the plea in writing filed by the defendant at November rules on the ground that it was a sham plea, tendered with the motion two affidavits; the evidence of the deputy clerk was heard; the defendant tendered an affidavit in opposition to the plaintiff's motion; the ques-

tions arising upon such motions were heard together; objections were made to the filing of the affidavits; the court rejected the affidavits and overruled the motion of the plaintiff and the motion of the defendant; thereupon the plaintiff moved that the case be set for trial upon a given day of that term; the defendant moved for a continuance to the next term; both motions were continued until the 26th of December.    By an order entered on the 2nd day of January, 1904, it appears substantially as follows: The defendant assigned as grounds for its motion to continue that the plea of the general issue as well as the confirmation of the common order had been inadvertently and improperly entered at rules by the clerk, and filed an affidavit in support of the motion; upon consideration of such motion the plea of the general issue and the confirmation of the common order were stricken out by the court; after such correction the court held that the action was properly on the docket, and overruled the motion to continue; thereupon the defendant offered to file its second special plea in writing, averring the pendency of a former suit, to which the plaintiff objected, and the defendant asked time to file affidavits in support of the plea, and time was granted until January 4th to file such affidavits.    By an order entered on the 23rd day of January it appears substantially as follows: The defendant having at a former day of the term offered to file an affidavit in writing with exhibits in support of its second plea in writing then tendered, the plaintiff objected to the filing of the plea and affidavit and moved to reject the same, which motion the court sustained and rejected the plea and affidavit; thereupon the defendant moved the court for leave to file its third plea in writing, tendering with the motion the third plea averring the pendency of a former suit, and moved the court to consider in support of the third plea the same affidavit and exhibits tendered in support of its second plea; the plaintiff objected to the filing of the third plea and moved to reject it; upon consideration by the court the third plea and affidavit with exhibits were rejected; the plaintiff joined issue on the plea of payment and on his motion the action was set for trial for February 1st.    By an order entered on the 3rd day of February it appears substantially as follows: The defendant waived a jury and the plaintiff desir-

ing none the action was put upon trial to the court, and the court having heard the plaintiff's evidence and the defendant having offered no evidence, entered judgment in favor of the plaintiff for the sum of $786.93, the full amount of plaintiff's claim as shown by the bill of particulars; the defendant moved the court to set aside the judgment and award it a new trial, which was overruled and defendant excepted and was granted leave to file its bill of exceptions in vacation. The bill of exceptions, which included the evidence, was afterwards signed and made part of the record. The several rulings of the court were excepted to by the opposite party. The case comes here by a writ of error and *supersedeas* allowed the defendant.

The defenses in this action are said to be technical. They may be technical, but are important, and if legal, are binding on the court. In order that the proceedings may appear in their proper sequence, the detailed statement above is given.

The principal questions arising upon the record are: First, Did the proceedings at rules or in court operate as a discontinuance of the action? Second, Should the defendnat have been granted a continuance as a matter of right? Third, Should the court have admitted the second and third pleas of a former suit pending? These are not the only questions arising, but in our judgment are the most material. In determining the question as to a discontinuance, we must consider what was the legal effect of the addition to the plea of payment, acknowledging indebtedness and confessing or offering to confess judgment for that part of the plaintiff's claim not answered by the plea. We think this addition to the plea cannot be treated as more than an offer to confess judgment for that part not answered by the plea, and an acknowledgment of the plaintiff's claim to that extent. We do not consider it a confession of judgment under the statute (Code, chapter 125, section 43,) because such confession must be assented to by the plaintiff. The sum must be such as the plaintiff is willing to accept. We think the addition to the plea must, for the purpose of a discontinuance, be treated in the same manner as a failure to plead to the part of plaintiff's claim not answered by the plea of payment. In support of the view that there was a technical

discontinuance the defendant invokes a rule of pleading to the effect, that where a defendant files a proper plea, which is an answer to a part of the plaintiff's declaration, and does not in that or any other plea notice the remainder of the declaration, the plaintiff must take judgment for the part unanswered as by *nil dicit*, If he demur or plead over without taking such judgment, the whole action is discontinued; for in such case the plaintiff by omitting to enforce his claim in respect of the unanswered portion of such claim by taking judgment, or to re-sign it by entering a *nolle prosequi* thereto, causes a chasm or hiatus in the proceedings. 1 Chitty on Pldg., p. 549 (16 Am. Ed.) This rule is stated in the same or different language by different courts and text writers; but the substance of it is that if a plaintiff demurs or replies over to a proper plea answering a part only of the plaintiff's cause of action, without "signing judgment" an hiatus and consequent discontinuance takes place. The reason given is that the plaintiff thus fails to prosecute or follow up his action. This rule has not been looked upon with much favor by some authorities, especially in modern practice. Enc. Pldg. & Prac., Vol. 6, p. 925-6; but we are inclined to consider the rule as still existing. 4 Minor Inst. 784; St. Pldg. 216 (Tyler's Ed.); *Hunt* v. *Martin*, 8 Grat. 578; *Southall* v. *Exchange Bank*, 12 Grat. 312. Under the rule, was there a discontinuance of this action at rules? There was an entry by the clerk at rules of the general issue by defendant, which was at the ensuing term stricken out by the court as unauthorized. The general issue goes to the whole of plaintiff's claim, and although entered without authority could only be stricken out by the court in term. The plaintiff did not appear at rules after the plea of payment was filed and demur or reply to the plea, or "sign judgment" for the part of his claim not answered by the plea. He did nothing until the ensuing term. These facts we think prevented a discontinuance. Under the circumstances here presented, the plaintiff can not be said to have failed to prosecute or follow up his action and thus to have caused a chasm or hiatus in the proceedings until he demurred or replied over without signing or taking judgment for the part of his claim unanswered by the plea. We are clearly of the opinion that there was not a discontinuance of

this action at rules and that the clerk properly placed it on the docket for the ensuing term. When the case came before the court, the court, having complete control over the proceedings in the office of the clerk during the previous vacation, made an order striking out the entry of the common order confirmed and of the plea of the general issue by the defendant. At that term the general issue was joined by the plaintiff and the case was tried by the court in lieu of a jury and judgment rendered for the whole amount of plaintiff's claim, including the part unanswered by the plea of payment. In determining whether or not a discontinuance of the action occurred in court, we must consider the term as an entirety. All the proceedings therein were subject to the control of the court until the term adjourned. The action being properly in court, all the proceedings at that term must be considered together upon the question as to a discontinuance. The term "session," when applied to courts, means the whole term; and in legal construction, the whole term is construed as but one day. *Dunn's Ex'rs* v. *Renick*, 40 W. Va. 349; *Dew* v. *Judges*, 3 Hen. & M. (Va.) 27. If the plaintiff at that term "signed judgment," or which is to the same effect, took judgment for that part of his claim not answered by the plea of payment, it was sufficient to prevent a discontinuance. The plaintiff did take judgment at that term for the part of his claim not answered by the plea of payment, not separately it is true, but it was included in the judgment upon the trial of the action and prevented a discontinuance.

There being no discontinuance either at rules or in court, was the defendant as a matter of right entitled to a continuance under the circumstances of this case? We are cited to the case of *Southall* v. *Exchange Bank*, *supra*, as sustaining the right of the defendant to a continuance. Defendant claims that because of the entry by the clerk of the plea of the general issue and of the common order confirmed as to the whole of the plaintiff's claim, which entry was afterwards stricken out by the court, he was entitled as a matter of right to a continuance on the ground that the plaintiff only placed himself *rectus in curia* at that term. The practice formerly was different from when it is in this State as to the plea of payment. The plea of pay-

ment was not formerly an issuable plea; it concluded with a verification and not to the country. It is now an issuable plea and concludes to the country. *Douglass* v. *Central Land Co.*, 12 W. Va. 502; *Kinsey* v. *County Court*, 31 W. Va. 464. A proper plea of payment in this State presents an issue which the plaintiff must accept. Upon it a *similiter* may be added by the plaintiff, or if he does not do so, he may proceed to trial as if there were a *similiter*. Code, section 25, chapter 125. The rule as to a continuance as a matter of right upon a plea of payment is thus changed in our practice. We do not understand it to be the law that a party filing an issuable plea at rules may have a continuance as a matter of right solely on the ground that the plaintiff or the law has added a *similiter*, in term. When the plea of payment concluded with a verification it was different in this, that the replication did not make the issue; and if the replication be filed properly for the first time in term it might reasonably be said to operate to give the defendant a continuance as a matter of right, if demanded. In the *Southall Case* the plaintiff had filed a replication to the plea at rules, which was afterwards in term withdrawn, and re-filed in term. In the case at bar it was the entry of the defendant's plea of the general issue and not the plaintiff's replication which was stricken out by the court. The entry of the common order confirmed at rules by the clerk as to the whole of the plaintiff's claim, which entry was afterwards stricken out by the court, was erroneous only as to the part of the plaintiff's claim answered by the plea of payment. After filing the issuable plea of payment at rules, with the addition before mentioned, no further attendance at rules was necessary on the part of the defendant. The striking out of the entry of the common order confirmed by the court could not operate as a surprise to the defendant, and as was said in the opinion in the *Southall Case*, no injustice could be done by this to the defendant as it only placed the case where it would have been but for the irregularity which occurred at rules. We think that under the circumstances of the case at bar, the defendant was not entitled as a matter of right to a continuance at that term of court.

We will now consider the question as to the admission of the two pleas in abatement. These pleas tendered by the de-

fendant are designated in the record as the second and third pleas of the defendant. Each averred a former suit pending by the defendant and others against the plaintiff and others upon and directly involving the very same promises in the declaration in this case mentioned. The third plea differs from the second only in this, that it also averred a reason for not filing the plea before pleading in bar. In support of these pleas the defendant tendered an affidavit. Neither of the pleas averred whether the former suit was pending at law or in equity. Without considering the question as to the time of the filing of the pleas, or as to the filing of an affidavit in support of them, were they sufficient if they had been filed in time? If the former suit was in equity, its pendency could not be pleaded in abatement of the action at law. Since the jurisdiction of equity is limited to cases in which the law does not afford a complete and adequate remedy, it has been held by cases both at law and in equity that two causes, one at law and one in equity, are *ex necessitate* so dissimilar that the pendency of one can not be pleaded in abatement of the other. Cyc. of Law & Proc. Vol. 1, p. 40; and cases cited in note. In *Williamson* v. *Paxton*, 18 Grat. 475, it was held that where a suit in equity and an action at law, for the same cause of action, are pending at the same time, it is not ground of defense at law either under the general issue or plea in abatement. We hold this to be the law in this State. Applying the law to the two pleas in abatement mentioned, they are fatally defective in not averring whether the former suit was at law or in equity. A plea which avers facts which, if true, may or may not constitute a legal defense, depending entirely upon an ulterior fact not averred, is bad for uncertainty. A plea in abatement must be certain to every intent. 1 Chitty Pldg. 473. All the particularity of the common law is required in a plea in abatement. *Quarrier* v. *Ins. Co.*, 10 W. Va. 507. These pleas were insufficient in law, and upon objection, were properly rejected.

It is assigned as error that the court entered judgment on the 3rd day of February, 1904, for $786.93, with interest from the 26th day of July, 1903. If allowing interest from a previous day, instead of computing it up to the day of

judgment and including it therein, is error, it is not to the prejudice of the defendant and it can not complain.

It is also assigned as error that the judgment is not sustained by the proper evidence heard at the trial.    We must presume that the court excluded from its mind all improper testimony, if the proper testimony is sufficient to sustain the judgment.    *Mer. Co.* v. *Truax*, 44 W. Va. 531; *State* v. *Denoon*, 34 W. Va. 139.    The defendant offered no testimony, and we think the proper evidence offered at the trial by the plaintiff fully sustains the judgment of the lower court.

For the reasons stated above, the judgment entered by the circuit court of Ohio county on the 3rd day of February, 1904, in favor of the plaintiff, H. A. Risher, against the defendant, the Wheeling Roofing and Cornice Company, is affirmed.

*Affirmed.*