# CHARLESTON.

EWART *et al.* v. NEW RIVER FUEL COMPANY.

Submitted March 3, 1909.    Decided October 18, 1910.

1. APPEAL AND ERROR—*Review—Judgment on Trial by Court.*
    A judgment upon a trial by the court in lieu of a jury will not be reversed because of the admission of improper evidence when the judgment is nevertheless legally warranted.

2. TRIAL—*Taking Case from Jury—Waiver of Errors—Ruling as to Exclusion of Evidence.*
    The defendant can take no advantage of a motion to exclude the plaintiff's evidence if he introduces evidence after the motion is overruled.

3.   CONTINUANCE—*Trial by Court—Hearing of Case at Different Terms.*

When the court acts at a trial in lieu of a jury it may properly hear a part of the case at one term and a part at a later term.

Error to Circuit Court, Raleigh County.

Action by J. A. Ewart and others against the ·New River Fuel Company. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*McGinnis & Hatcher* and *Dillon & Nuckolls,* for plaintiff in error.

*J. W. McCreery, J. W. Ball,* and *A. P. Farley,* for defendants in error.

ROBINSON, PRESIDENT:

This case is not worthy of an extended ·written opinion. The judgment sought to be reversed is legally warranted and is a just one under the pertinent facts and circumstances presented.

The judgment is the result of a trial by the court in lieu of a jury. Yet it is insistently assigned as error that the court heard improper and inadmissible evidence. We can not reverse on that ground, if there is nevertheless proper evidence to support the judgment rendered on a trial by the court without a jury. This holding has been iterated and reiterated. Some of the cases are: *Nutter* v. *Sydenstricker,* 11 W. Va. 535; *State* v. *Seabright,* 15 ·W. Va. 590; *State* v. *Denoon,* 34 W. Va. 139; *Wells-Stone Mercantile Co.* v. *Truax,* 44 W. Va. 531.

Then another settled rule is evidently overlooked. It is complained that the court erred in refusing to sustain a motion to ·exclude all the evidence introduced by the plaintiffs when they rested their case. If the court did so err, the defendant can not now take advantage of the fact, for it waived the point by introducing its evidence in the case after the overruling of the motion to exclude. *Core* v. *Railroad Co.,* 38 W. Va. 456; *Trump* v. *Tidewater Coal & Coke Co.,* 46 W. Va. 238; and other cases.

The court took under advisement until the next term the motion of defendant to exclude the evidence offered by plain-

tiffs in support of their case. At the next term the motion was overruled. Then defendant was permitted to introduce its evidence notwithstanding it had announced at the preceding term that it had no evidence to offer. · Plaintiffs claimed to be taken by surprise and asked for time until the succeeding term to introduce evidence in rebuttal. The request was granted. Before that term came on a deposition for plaintiffs was taken by agreement of all the parties to the action. This deposition was · offered as evidence and admitted except as to some portions which the court excluded. Now, defendant says it was error to continue the trial and to admit any part of this deposition. Not so, do we think. It was but just to give plaintiffs time to meet the evidence unexpectedly offered. Defendant had announced that it would rely on its motion to exclude. Plaintiffs were not expecting defendant to go on with the trial. The court, when it acts at a trial in lieu of a jury, may properly hear a part of the case at one term and a part at a later term, as was done in this instance.

The declaration set up a good cause of action. The gist of it was that the defendant had assumed to pay certain coal mining royalties due plaintiffs under a lease made by them to E. E. White, and that the same were due and unpaid. Defendant resisted the action on the ground that White had agreed to assign the lease to it, but had not done so. That defense could not avail in view of the evidence which clearly showed that the lease was within the ownership and control of defendant. It was proved that defendant was indeed in possession of the property under the lease, by and through the Beckley Coal and Coke Company, in pursuance of the identical contract by which defendant assumed to pay the royalties.

An affirmance of the judgment will be ordered.

*Affirmed.*