# CHARLESTON.

### ELKHORN SAND & SUPPLY COMPANY *v.* ALGONQUIN COAL COMPANY

### (No. 5762)

### Submitted January 25, 1927.   Decided February 1, 1927.

1.  JUDGMENT—*Notice of Motion for Judgment, Informing Defendant of Nature and Object of Plaintiff's Claim and Demand, is Sufficient; Allegations of Notice of Motion for Judgment for Price of Sand Held Sufficient on Demurrer (Code, c. 121, § 6).*

    A notice of motion for judgment, pursuant to section 6 of chapter 121 of the Code, is sufficient if it clearly informs the defendant of the nature and object of the plaintiff's claim and demand.   (p. 111).

    (Judgments, 34 C. J. § 428.)

2.  ABATEMENT AND REVIVAL—*Pendency of Equity Suit Cannot be Pleaded in Abatement to Action at Law for Same Cause of Action.*

    Pendency of a suit in equity cannot be pleaded in abatement to an action at law for the same cause of action.   (p. 112).

    (Abatement and revival,)

3.  JUDGMENT—PLEADING—*On Showing That it Promotes Substantial Justice, Trial Court May, at Any Time Before Verdict, Permit Amendment of Pleadings to Conform to Proof; Permitting Amendment of Notice of Motion for Judgment for Price of Sand to be Amended to Include Items Not*

*Mentioned in Notice, But Closely Connected With Items Stated Therein, Was Not Error.*

Where it appears that substantial justice will be promoted thereby, the trial court may, at any time before a verdict found, allow the pleadings to be amended to conform to the proof.   (p. 113).

(Judgments, 34 C. J. § 428; Pleading, 31 Cyc. p. 393.)

(NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

WOODS, JUDGE, absent.

Error to Circuit Court, Mercer County.

Proceeding by notice of motion for judgment by the Elkhorn Sand & Supply Company against the Algonquin Coal Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Sanders, Crockett, Fox & Sanders,* and *File, Goldsmith & Scherer,* for plaintiff in error.

*Arthur F. Kingdon,* for defendant in error.

MILLER, JUDGE:

This action was instituted by notice of motion for judgment, pursuant to the provisions of section 6 of chapter 121 of the Code, the notice reciting that on a day named the plaintiff would move the circuit court "to render judgment against you, and in our favor, for the sum of $389.40, with interest thereon from the due date of said account.   Said money is due and owing to us by you for sand heretofore sold and delivered to you from time to time."   There was a verdict and judgment for plaintiff.

The first point of error assigned is the action of the trial court in overruling defendant's demurrer to and motion to quash the notice, for the reason that the same does not, with reasonable certainty, state a cause of action.

A proceeding by notice of motion under the statute is an informal proceeding, not in all respects governed by the common-law rules of practice and procedure, and is sufficient

if it clearly informs the defendant of the nature of the plaintiff's claim and the object of the suit. *George A. Kelley Co.* v. *Phillips,* 102 W. Va. 85, 134, S. E. 369, and cases cited. Here the defendant could not be mistaken as to the nature of ·plaintiff's claim, or the object of the motion. It had only to defend a suit for the value of sand sold to and delivered to it by plaintiff. It made no demand for a bill of particulars or statement of account.

Defendant filed its special plea alleging that prior to the service of the notice of motion in this case, the Algonquin Coal Securities Company had instituted a suit in equity against it, praying that a special receiver be appointed to take charge of and preserve the assets of the company; that its assets and liabilities be ascertained; that the cause be referred to a commissioner to make and state an account of the debts owing by the defendant; and that each and all of the creditors of the company and others named in the bill be enjoined from instituting or prosecuting any suit or action against the said defendant. The plea further alleges that, pursuant to the prayer of the bill, a receiver was appointed, and the injunction awarded; that the plaintiff herein appeared before the commissioner and proved its claim; that pursuant to the report of the special commissioner, the court authorized the defendant to make settlement with its creditors; but that this plaintiff was attempting to repudiate said settlement.

It does not appear that the plaintiff in this action was made a party to the equity suit, or that it came in by pleading or otherwise. It is true that it proved its claim before the commissioner, but it received nothing in payment thereof. Not being a party to the suit, the injunction did not affect plaintiff's right to bring an action at law.

The plea prayed for the abatement of the action at law on the ground of the pendency of a suit in equity involving the same claim. But jurisdiction in equity being limited to cases in which the law does not afford a complete and adequate remedy, we have held in a number of cases, that the pendency of a suit in equity can not be pleaded in abatement to an

action at law for the same cause of action. *Risher* v. *Wheeling Roofing and Cornice Co.,* 57 W. Va. 149; *Williamson* v. *Paxton,* 18 Grat. 475; *Rees* v. *Coal Mining Co.,* 88 W. Va. 4, and cases cited.

During the course of the trial it appeared that plaintiff's claim consisted of the price of three cars of sand sold and delivered to the defendant, $75.45, and prepaid freight on the same, $263.29. The court permitted the plaintiff to amend its notice by adding thereto the words: "And for prepaid freight paid on your order and request." Defendant assigns this action of the court as error.

In *Travis* v. *Insurance Company,* 28 W. Va. 583, 595, it is said that "the circuit courts of this State in the exercise of their general common law jurisdiction, in the absence of any statute prohibiting them from doing so, and independently of any statute authorizing them to do so, may in their discretion permit the pleadings to be amended at any time before verdict found, whenever justice will be promoted thereby without injury to the opposite party; but in every such case if the opposite party requests it the jury should be discharged, the opposite party allowed to amend his pleadings or to plead anew to the pleadings so amended, and the cause continued. See, also, *Insurance Company* v. *Wilson,* 29 W. Va. 528. Section 8 of chapter 131 of the Code, enacted in 1882, provides: "If at the trial of any action there appears to be a variance between the evidence and allegations or recitals, the court may, if in its opinion substantial justice will be promoted thereby, allow the pleadings to be amended, and if it be made to appear that a continuance of the cause is hereby rendered necessary, such continuance shall be granted at the costs of the party making the amendment." See, *Lawson* v. *Coal & Coke Co.,* 61 W. Va. 669; *Shires* v. *Boggess,* 72 W. Va. 109; *Adams* v. *Adams,* 79 W. Va. 546; *Morrison* v. *Coal Company,* 88 W. Va. 158.

The amendment did not introduce any new cause of action, but only items not mentioned in the notice, which were closely connected with the item stated therein, and were a part of the itemized statements called for in the original notice, served

upon the defendant. If the defendant conceived itself to be aggrieved or prejudiced by the amendment, it could have moved for a continuance, as provided by the statute. No such motion was made.

Error is assigned because of the refusal of the court to sustain defendant's plea of accord and satisfaction. On the trial the defendant attempted to prove that the plaintiff had accepted three one hundred dollar bonds and a note for $89.40 in payment of its claim filed with the commissioner in the chancery suit above referred to, pursuant to an agreement between it and a number of creditors represented in that suit. The report of the special commissioner shows that a number of the creditors did agree to take defendant's bonds and notes in satisfaction of their claims; but the plaintiff here was one of those reported by the commissioner as being unwilling to accept the terms of that agreement. The three bonds and the note referred to were mailed to the plaintiff, and received by the wife of its president and general manager, in his absence. Upon his return to his office, he wrote the defendant refusing to accept the bonds and note, giving reasons why plaintiff's claim could not be satisfied in that manner, and making it plain that the tender was rejected. Although the bonds and note were not returned until the day the motion was returnable, defendant could not have been misled by the delay. Plaintiff's counsel, on the day before the notice was served, wrote the defendant that his client was holding these securities subject to its order. There was no agreement on the part of the plaintiff to accept the bonds and note; and the evidence adduced does not prove an acceptance. Defendant could not have been prejudiced by plaintiff's failure to return the securities earlier, in view of the latter's refusal to accept them as soon as its president and general manager learned they had been mailed to it.

The judgment will be affirmed.

*Affirmed.*