# CHARLESTON.

WELLS-STONE MERCANTILE CO. v. TRUAX et al.

Submitted January 15, 1898—Decided  March 30, 1898.

1. FOREIGN JUDGMENT—*Credibility of Foreign Judgment.*
    The judgment of a sister state must be accorded in this State the same faith and credit which it has in the state where rendered.   (p. 537).

2. RECEPTION OF EVIDENCE—*Illegal Evidence—Competency of Court.*
    In a case tried by a court in lieu of a jury, it is not error in the court to hear illegal testimony, the court being fully competent to discard such evidence.   (p. 537).

3. EXISTENCE OF FACTS—*Conclusive Presumption.*
    A  party having it in his power to prove a fact, if it exist, which, if proven, would benefit him, his failure to prove it must be taken as conclusive that such fact does not exist.   (p. 537).

Error to Circuit Court, Putnam County.

Action by the Wells-Stone Mercantile Company against Albert H. Truax and others.   From a judgment for plaintiff, defendants bring error.

*Affirmed.*

SIMMS & ENSLOW, for plaintiffs in error.

BOWYER & GREEN, for defendant in error.

MCWHORTER, JUDGE:

In the circuit court of Putnam county, the Wells-Stone Mercantile Company, a corporation, brought its action of debt against George W. Fletcher, Harry ·G. Liadle, and

Albert H. Truax, late partners, as Fletcher, Liadle & Co. Process was served upon the defendant Truax only. The declaration was filed at July rules, 1894, and is founded on a judgment rendered by the district court of the county of St. Louis, in the State of Minnesota. On the 26th of September, 1894, the defendant Truax appeared, and craved oyer of the judgment sued on, which was read to him, and demurred to the plaintiff's declaration and record, and tendered plea in writing of *nul tiel* record, and also a special plea in writing denying that there was any service on him, or notice of the suit in the Eleventh judicial district of Minnesota, St. Louis county, in the declaration set out; to the filing of which special plea the plaintiff objected, which objection was overruled, and the plea was filed. To the action of the court in overruling its objections to the filing of the plea and ordering the same filed, the plaintiff excepted, and filed its replications to the plea. On the 29th of May, 1895, by consent of plaintiff and defendant Truax, the court was substituted in lieu of a jury to try the issues joined. The plaintiff, to maintain the issues on its part, introduced in evidence the record of the judgment, to which the defendant objected. The objection was overruled, and the record was read in evidence, to which ruling the defendant excepted, and took his bill of exceptions, which was made part of the record. The plaintiff offered the depositions of witnesses taken in the cause, to the introduction of which as evidence the defendant Truax objected, which objection was overruled, and the depositions were admitted in evidence, to which ruling the defendant excepted; whereupon the court found the issues for the plaintiff, and gave judgment accordingly for one thousand nine hundred and seventy-seven dollars and seventy three cents, with interest from May 29, 1895, and costs. The defendant moved the court to set aside the finding and judgment as being contrary to law and evidence, which motion was overruled, to which ruling the defendant excepted, and obtained a writ of error, and assigned the following errors: "First. The record of the judgment being filed with and made part of the declaration, and upon demurrer to the declaration and oyer of the judgment being craved and the same read, it was apparent that

there was no valid and subsisting judgment against the defendant Albert H. Truax, and the demurrer to the declaration should therefore have been sustained. Second. The defendant having pleaded no such record, and also that there was no record of service, and that there was no service made on him, and the plaintiff having replied and vouched the record to show such service, it was error to admit the deposition on the part of the plaintiff, or in any manner contradicting or changing the recorded judgment or papers as shown    Third. The judgment vouched and shown shows upon its face that there was no service made upon the defendant A. H. Truax of the complaint, or papers necessary to support a judgment under the law of the state of Minnesota; and, while the recitals copied in the record state that service was made on Truax, the record itself shows that such service was not made after the issuing of the paper and the verification of the complaint, but that service was made upon Truax of some paper on the 14th of June, 1892. Fourth. Because the trial court erred in allowing question No. 5 of the examination of Wm. C. White. This question was: 'State what you know about the service of the summons and complaint in that matter on Albert H. Truax?' This question was objected to as incompetent at the time of the taking (see page No. 27 of the record). Also question No. 7, on page No. 28 of the record, was allowed to be asked and answered, which answer sought to show by parol evidence that the summons and complaint were issued on the 14th instead of the 15th of June, 1892, when such evidence was, as to that fact, conclusive. Fifth. Because the entire evidence of all the witnesses set out in their depositions was incompetent, and objected to at the time of the taking of the depositions, as shown by the said depositions filed and read on the trial. Sixth. Because the court below erred in refusing to set aside its findings, and grant a new trial. Seventh. For other errors apparent on the face of the record and in the rulings of the court in regard to the admission of the testimony and decision of the issue.''

Upon referring to the statutes of Minnesota, we find that Gen. St. 1878, c. 66, tit. 5, s. 52 (Gen. St. 1894, s. 5193), provides that ''civil actions in the several district courts

of this state shall be commenced by the service of a summons as hereinafter provided." Section 53, c. 66, tit. 5, Gen. St. 1878 (section 5194, Gen. St. 1894), provides that "the summons must be subscribed by the the plaintiff or his attorney. and directed to the defendant, requiring him to answer the complaint and serve a copy of his answer on the person whose name is subscribed to the summons at a place within the state therein specified in which there is a post-office within twenty days after the service of the summons, exclusive of the day of service." Section 54, c. 66, tit. 5, Gen. St. 1878 (section 5195, Gen. St. 1894), provides that: "The summons shall also contain a notice in substance as follows: First. In an action arising on contract for the payment of money only, that he will take judgment for a sum specified therein, if the defendant fails to answer the complaint. Second. In other actions for the recovery of money only, that he will, upon such failure, have the amount he is entitled to recover ascertained by the court, or under its directions, and take judgment for the amount so ascertained. Third. In other actions, that, if the defendant fails to answer the complaint, the plaintiff will apply to the court for the relief demanded therein." Section 55, c. 66, tit. 5, Gen. St. 1878 (section 5196, Gen. St. 1894), provides: "A copy of the complaint must be served upon the defendant with the summons, unless the complaint itself be filed in the office of the clerk of the district court of the county in which the action is commenced, in which case the service of the copy may be omitted; but the summons in such case must notify the defendant that the complaint has been filed with the clerk of said court." Section 91, c. 66, Gen. St. 1878 (section 5231, Gen. St. 1894), provides what the complaint shall contain: "First. The title of the cause, specifying the court in which the action is brought, the county in which the action is brought, and the names of the parties to the action, plaintiff and defendant. Second. A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. Third. A demand for the relief to which the plaintiff supposes himself entitled. If the recovery of money is demanded, the amount thereof shall be stated." It will be observed that the action is

commenced by the service of the summons, and dates from the day of the service. Therefore the date of the summons, if dated, is wholly immaterial, and a date is no part of the requisites of the summons or complaint, and they need not bear any date. When served, it is incumbent upon the defendant to answer within twenty days after the date of the service, excluding the day of the service, without reference to the date of the papers served, or to the fact that they have no date, or even different dates,—i. e. the summons bearing one date and the complaint another, —because it is immaterial. Section 127, c. 66. Gen. St. 1878 (section 5269, Gen. St. 1894), provides: "The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial right of the adverse 'party; and no judgment can be reversed or affected by reason of such error or defect." The defendant is served with copies of a summons and complaint containing all the requisites prescribed by law to commence, by such service, an action against him in the district court of his county. Under the statute he is required, within twenty days from the date of the service of that paper, to answer it. What matters the date it bears, or whether it bears any date? The date is no part of the allegations, and it is only the material allegations contained in the papers that are required to be answered; and he has notice, under the statute, within what time to answer those allegations, not from the date of the summons or complaint, but from the date of service, or suffer the consequences of his default.

The only question raised in the case on the issue of "no such record" is the fact that the summons and complaint bear date June 15, 1892, while the date of service of same on the defendant A. H. Truax is dated June 14, 1892. The demurrer was properly overruled. On the 26th day of July, 1892, the clerk ascertained that: "The summons and complaint in this action having been duly personally served on the above-named defendants, as follows: On defendants George W. Fletcher and Harry G. Liadle on the 20th day of June, A. D. 1892, and on the defendant Albert H. Truax on the 14th day of June, A. D. 1892, as appears from the return of the sheriff thereof, and more than twenty days

having since elapsed, and no copy of an answer or demurrer to the complaint on file having been served upon plaintiff's attorneys as required by the summons, and this being an action on contract, for the recovery of money only, now, on motion of White & Hewit, said attorneys, it is hereby adjudged that the ·plaintiff herein recover of said defendants George W. Fletcher, Harry G. Liadle, and Albert H. Truax, co-partners as Fletcher, Liadle & Co., the sum of sixteen hundred and seventy-seven and 33-100 dollars damages, with fifteen and 25-100 dollars costs and disbursements; in all amounting to $1,692.58,"—which was duly entered and attested. In *Kipp* v. *Fullerton*, 4 Minn. 473 (Gil. 366), Chief Justice Emmett, in delivering the opinion of the court, says: "When a plaintiff, in order to take judgment for want of an answer, offers to the clerk proofs of the service of the summons, and that no answer has been received, the clerk must necessarily decide upon the sufficiency of that proof, and to this extent he acts on behalf of the court in a judicial capacity. * * * I regard the decision as to the sufficiency of the proof of service, by whomsoever made (whether the clerk or judge), as a judicial determination of the question of the jurisdiction of the person, and binding upon the parties until set aside or reversed by a direct proceeding in the same action." *Id.* (syllabus of the case): "The judgment of the clerk is the judgment of the court, and is valid until set aside or reversed by direct proceedings in the action. It cannot be called in question collaterally." In *Cornett* v. *Williams*, 20 Wall. 226 (249), Justice Swayne says: "The settled rule of law is that, jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud. Every intendment is made to support the proceedings. It is regarded as if it were regular in all things, and irreversible for error. In the absence of fraud, no question can be collaterally entertained as to anything lying within the jurisdictional sphere of the original case. Infinite confusion and mischiefs would ensue if the rule were otherwise." *White* v. *Crow*, 110 U. S. 183, (4 Sup. Ct. 71;) *Hotchkiss* v. *Cutting*, 14 Minn. 537 Gil. 408.) In *Crumlish's*

*Adm'r* v. *Improvement Co.*, 38 W. Va. 391 (Syl. point ) 18 S. E. 456). "It is well settled that the judgment of a sister state must be accorded in this State the same faith and credit which it has in the State where rendered." Appellant quotes from Van Fleet on Collateral Attack (page 486, § 487:) "The proof of service contained in a record from a sister state of the American Union is only *prima facie* correct, and may be contradicted by parol evidence, notwithstanding the fact that the constitution of the United States requires that full faith and credit be given them," and contends that, "in view of all the authorities, we may then take it for granted that Truax, in this case, might have shown by parol testimony that he was not served with process, and that there was, in fact, no judgment binding him. or in any way enforceable against him. He chose rather to show these facts by the record itself, not being driven to anything outside of the record. He pleaded that there was no such record, and also that no service was ever made on him." If this plea was true, appellant knew it, and if he had a right to show, and could have shown, by parol testimony, that he was not served with process, why did he not do so, or at least offer to do so? Not having done so, the presumption is that the fact is against him. *Hefflebower* v. *Detrick*, 27 W. Va., 17 (Syl. point 8). "No rule of law is better settled than that a party having it in his power to prove a fact, if it exist, which, if proven, would benefit him, his failure to prove it must be taken as conclusive that the fact does not exist." *Trust Co.*, v. *McClellan*, 40 W. Va., 405, (21 S. E. 1025).

The fourth and fifth assignments of error, because of the admission of alleged illegal testimony, are immaterial, as the whole case was tried by the court in lieu of a jury. It is well settled in this State that, "when a case is tried by the court in lieu of a jury, it is not error in the court to hear illegal testimony, the court being fully competent to discard the illegal evidence." *Nutter* v. *Syldenstricker*, 11 W. Va., 535; *State* v. *Seabright*, 15 W. Va., 590; *Abrahams* v. *Swann*, 18 W. Va., 274.

From what has been said, it follows that the sixth and seventh assignments are not well taken. I can see no error, and the judgment is affirmed.          *Affirmed.*