# CHARLESTON.

## CHAPMAN *v.* PARSONS, JUDGE.

Submitted November 16, 1909.     Decided November 23, 1909.

1. DIVORCE—*Alimony—Jurisdiction to Award.*
   In no suit but one seeking a divorce of some character is there jurisdiction to award alimony *pendente lite.* (p. 309).

2. SAME—*Alimony.*
   Alimony is only cognizable as between parties united by a marital relation that imposes upon the husband the legal duty to support the wife. (p. 310).

3.  SAME—*Duty to Maintain Wife.*

    A decree of divorce from bed and board without alimony
    dissolves the relation of husband and wife so far as the duty of
    the former to maintain the latter is concerned.  (p. 310).

4.  HUSBAND AND WIFE—*Maintenance of Wife.*

    Where there is admittedly no relation that legally imposes the
    duty of the wife's maintenance on the husband, the law gives
    no power to make him maintain her.  (p. 311).

5.  DIVORCE—*Alimony—Suit to Set Aside Decree.*

    There is no jurisdiction to award alimony as between parties
    divorced from bed and board, as incident to the pendency of
    an independent suit to set aside the decree of divorce for fraud,
    and before the decree is successfully assailed.  (p. 312).

Application by Frank A. Chapman for the writ of prohibition
to William A. Parsons, Judge of the Circuit Court of Mason
county, and another.

*Writ Awarded.*

*B. H. Blagg* and *Somerville & Somerville,* for petitioner.

*Rankin Wiley,* for respondent, Mary A. Chapman.

ROBINSON, JUDGE:

Upon an original application to this Court by Frank A. Chap-
man for the writ of prohibition to be awarded against the Hon-
orable William A. Parsons, Judge of the Circuit Court of Mason
county, and Mary A. Chapman, the following pertinent facts are
disclosed:

In the suit of Frank A. Chapman against Mary A. Chapman,
in the circuit court of Mason county, a decree of divorce from
bed and board was granted the plaintiff at the March Term, 1908.
The defendant in that suit, though duly summoned, did not ap-
pear.  The plaintiff's case was proved by depositions.  Upon the
face of the proceedings everything in support of the decree is
regular and proper.  The decree was based upon desertion.  No
alimony to the wife was allowed by the decree.

Near a year later Mary A. Chapman filed her bill against
Frank A. Chapman, in the same court, attacking the decree of
divorce as one obtained by fraud.  In this bill no divorce was
sought.  It was distinctly for the purpose of having a divorce set
aside.  No other relief was asked.  While it is perhaps not al-

together pertinent to the matter now before us, yet we observe that nothing is alleged in this bill but that which should have been offered as defense to the suit in which the decree was obtained. It seems that all the matters alleged were known to the plaintiff before the decree of divorce was entered. Frank A. Chapman demurred to the bill and filed an answer specifically denying the allegations made against the validity of the decree. At the June Term, 1909, in this suit to annul the decree, an order was made that the defendant, Frank A. Chapman, pay to the plaintiff, Mary A. Chapman, the sum of fifty dollars to enable her to prosecute her suit. Frank A. Chapman was advised by counsel that the court had no power to make such order for suit money in the cause, but that it would be well to pay it so that there could be a prompt hearing as to the charges of fraud. The sum was paid. Then at the October Term, 1909, the court decreed that the defendant, Frank A. Chapman, pay to the plaintiff, Mary A. Chapman, the sum of ten dollars per month until the next term of court, as alimony pending the suit to annul the decree. The cause was thereupon continued. It is asserted, and not denied, that at this time the case was ready for a hearing. The defendant was insisting that it be submitted and decided.

The power of the court to make the order for alimony pending such suit is put in question by these proceedings for the writ of prohibition. The petition for the writ and the resistance of Mary A. Chapman thereto, by her demurrer and answer, raise a single question: Is there jurisdiction to award alimony *pendente lite* as between parties divorced from bed and board, merely as incident to an independent suit which has for its only purpose the annullment of the decree of divorce for fraud in its procurement?

The court had jurisdiction of the suit to set aside the decree of divorce for fraud. But that jurisdiction did not give the court power to enter therein any order or decree beyond its lawful power in the premises. Whether prohibition lies in any case is tested by the court's power, or want of power, to do the act sought to be prohibited. If power is lacking there is no jurisdiction. "If, in the progress of a pending cause over which the court has jurisdiction, as to both subject matter and parties, or at the inception thereof, an order, judgment, or decree is en-

tered which, for any reason, the court has no power to enter, the entry thereof is an act in excess of the jurisdiction of the court." *Powhatan Coal & Coke Co.* v. *Ritz, Judge,* 60 W. Va. 395. Clearly, if temporary alimony is not lawfully incident to a suit attacking a decree of divorce as fraudulent, the court, in the instance before us, has exceeded its legitimate power.

Our statutes virtually direct that alimony be litigated in the divorce suit. Code, chapter 64, sections 9 and 11. It is contemplated by our law that, during a suit for divorce and at the time a decree of divorce of any character is made therein, all questions of maintenance shall be settled. And as then settled they are final, except that adultery subsequently occurring is sufficient cause to cut off alimony. *Cariens* v. *Cariens,* 50 W. Va. 113. The statute provides for no future change as to the permanent alimony decree, or as to the silence of the decree in this regard. Yet the very section that deals with this subject of maintenance provides for future change as to the custody of children. "The expression of the one is the exclusion of the other." A change in the other particular is impliedly prohibited. *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456. "A decree of divorce *à mensa et thoro* allowing alimony to the wife is *res judicata* as to the alimony." *Cariens* v. *Cariens, supra.* And a decree of divorce *a mensa et thoro* which is silent as to alimony, likewise is a bar to alimony. It is a decree in a cause wherein the alimony was obtainable—wherein that matter might have been and should have been litigated. "An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto, and coming within the ligitimate purview of the subject matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits." *Rogers* v. *Rogers,* 37 W. Va. 407; and other cases. Mrs. Chapman was entitled to no alimony at the time the order was made. Her right to it was foreclosed by a former decree. That decree adjudged her guilty of desertion of the marital relation. It properly denied maintenance to her. A wife guilty of desertion is never entitled to alimony. The decree establishes the fact of

her desertion.   Until that decree is successfully assailed, she has no right to alimony.   Bishop on Mar., Div. and Sep., section 861; *Carr* v. *Carr,* 22 Grat. 168; *Harris* v. *Harris,* 31 Grat. 13; *Martin* v. *Martin,* 33 W. Va. 695.

But the question which we must consider is not as to the right to alimony, but as to the power of a court to award it.   In the independent suit to set aside the divorce decree for fraud, temporary alimony has been awarded the plaintiff therein merely as an incident to that suit.   There is no warrant in the law for this action.   Temporary alimony is incidental to a divorce suit.   It is maintenance for the wife pending a suit which is to determine whether there is further duty upon the husband to maintain the wife.   In our jurisprudence it is the creature of the statutes relating to divorce and divorce proceedings.   These statutes are the only source of jurisdiction to allow maintenance pending a suit. "Divorce jurisdiction is the creation of statute, and the court can only do what it allows, with incident powers," says Judge BRANNON in *Cariens* v. *Cariens, supra.*   The only provision justifying maintenance pending a suit is Code, chapter 64, section 9, wherein it is provided that it may be awarded pending a divorce suit.

Indeed there is no jurisdiction in a court to award alimony of any character except in a suit for divorce, or, it may be, in a distinct equity suit based solely upon the duties of a marriage relation before that relation is broken by a decree of divorce or separation.   Yet the suit in which the order sought to be prohibited has been made is neither of these proceedings.   That suit is not based on the duties of the marriage relation.   Its very character admits that the relation was ended.   It is a suit to set aside a divorce decree for fraud.   And that very decree, which is presumptively valid until it is set aside, has ended all obligation for alimony.   Maintenance of the wife by the husband is alone incident to the marriage relation.   There is no duty to furnish maintenance when that relation does not exist. Alimony is cognizable by a court only in regard to the relation of husband and wife.   It springs from marital duties.   The statutes to which we have referred plainly recognize that the marital relation is the source of alimony.   That relation between the parties in this case, so far as the question of support is concerned, has been ended by the decree of divorce from bed and board.

Therefore alimony is not cognizable as between them. "The decree of divorce which it is sought to vacate and set aside is *prima facie* binding upon the parties, and until, upon a hearing, it appears that it should be set aside for fraud or want of jurisdiction, the marriage relation which is essential to support orders of this kind does not appear to exist. Alimony is a right which results from the marriage relation, and the fact of marriage between the parties must be admitted or proved before there can be a decree for it, even *pendente lite*". *Wilson* v. *Wilson,* 49 Iowa 544.

Temporary alimony has been allowed to Mary A. Chapman after the entry of a judicial decree which separates her from her husband and allows her no maintenance because of her desertion. That separation, it is true, has not wholly dissolved the marriage relation. In one sense, the relation of man and wife still exists. *Hartigan* v. *Hartigan,* 65 W. Va. 471; *Cariens* v. *Cariens, supra.* But the ordinary duties and responsibilities of the marital relation have been materially changed. The terms and effect of a decree of divorce from bed and board has taken the place of the common law duties and responsibilities as between man and wife. The duty of the husband to support the wife is supplanted by the decree of judicial separation. After the making of that decree he has no obligation to maintain her except as adjudged by the decree. "A limited divorce, although it does not dissolve the marriage, substitutes for the common law obligations arising from the marriage the terms of the judgment, which is thereafter the measure of the rights and duties of the parties." 14 Cyc. 729. "When a judicial decree of separation from bed and board has once been pronounced, the common law obligation to support the wife, if not entirely abrogated, is greatly modified. Alimony then becomes the regular measure of the husband's obligations". *People* v. *Cullen,* 153 N. Y. 629 (44 L. R. A. 420). But a provision for alimony is wholly absent from the decree by which these parties are separated. That decree thereby says that the husband owes no further duty of support to the wife. In real effect, it says that the marriage relation in this particular is dissolved. The judicial separation of the parties has put no duty of support upon the husband. He is no more a husband in this particular. By the force and effect of the decree the marriage is fully dissolved so far as the duty of support is concerned.

In this particular the marital relation is at an end.  Only a rec-onciliation can change that status.  Plainly, where there is no relation that legally imposes the duty of the wife's maintenance on the husband, the law gives no power to make him maintain the wife.

We do not decide that a wife may not upon a bill for main-tenance alone, where the marriage is fully existing, be granted it independently of a divorce suit. ` Stewart` v. *Stewart*, 27 W. Va. 167; *Almond* v. *Almond*, 4 Rand. 662; *Purcell* v. *Purcell*, 4 H. & M. 507.  Whether the statutes providing for divorces from bed and board, enacted subsequently to the recognition in Virginia of an equitable jurisdiction of that character, may not now exclude such jurisdiction once recognized, is a question yet to be determined.  Tucker's Com., Book 1, p. 101.  The question does not arise here.  We have before us simply a case as to which jurisdiction to award alimony pending the suit is not warranted by any law, and which admittedly involves parties, in its pres-ent stage, as to which alimony cannot be cognizable.  The char-acter of the parties to that suit, described by its very purpose as being those between which there is no duty of maintenance, brands it as one outside of the statutory recognition of alimony *pendente lite*.

The writ of prohibition as prayed for will be awarded.

*Writ Awarded.*