163 S.E.2d 472 (1968)
STATE ex rel. Omer LYNN
v.
The Honorable Don J. EDDY, Judge, Circuit Court of Monongalia County, West Virginia, and Margie Lynn.
No. 12748.
Supreme Court of Appeals of West Virginia.
Submitted September 4, 1968.
Decided October 1, 1968.
*474 Joseph A. Laurita, Jr., and Charles H. Haden, II, Morgantown, for relator.
Clark B. Frame, Morgantown, for respondents.
*473 HAYMOND, Judge:
This is an original proceeding in prohibition instituted in this Court June 24, 1968, in which the petitioner, Omer Lynn, seeks a writ to prohibit the defendants, Honorable Don J. Eddy, Judge of the Circuit Court of Monongalia County, West Virginia, and Margie Lynn, herein sometimes referred to as the defendant, from proceeding further with the prosecution or the hearing of a civil action for divorce instituted in the Circuit Court of Monongalia County, West Virginia, on July 27, 1967, by Margie Lynn, as plaintiff, against the petitioner, Omer Lynn, as defendant.
Upon the petition and its exhibits this Court awarded a rule against the defendants returnable September 4, 1968. On that date this proceeding was submitted for decision upon the foregoing petition and its exhibits, the answer of the defendant Margie Lynn and its exhibits, the written briefs of the petitioner and the defendant Margie Lynn, and the arguments of counsel in behalf of the petitioner and the defendants.
The petitioner and the defendant Margie Lynn were married March 19, 1949 at Terra Alta, in Preston County, West Virginia. Following their marriage they resided together in or near Point Marion, Fayette County, Pennsylvania, until April 1962 when, according to the defendant, the petitioner deserted and abandoned her and they have not since lived or cohabited together.
On April 19, 1961, during the March Term 1961 of the Court of Common Pleas of Fayette County, Pennsylvania, the petitioner instituted a divorce action, No. 418, in that court, seeking a divorce on the statutory ground of indignities to his person by the defendant, and on March 9, 1962, during the March Term 1962 of the Court of Common Pleas of Fayette County, Pennsylvania, the defendant Margie Lynn instituted a divorce action, No. 82, in that court, against the petitioner Omer Lynn, seeking a divorce on the statutory grounds of indignities to her person and cruel and barbarous acts against her by the petitioner. In each of the foregoing divorce actions the defendants were personally served with process and were represented by counsel. The actions were consolidated and heard together. A Master was appointed in Action 418 at the March Term 1961 but, according to the report of the Master, hearings did not begin until September 13, 1966, because a petition for alimony and counsel fees had been filed by Margie Lynn and had not been disposed of on the record and various continuances *475 were had because of the work schedule of the plaintiff Omer Lynn and the inability of the defendant Margie Lynn to appear due to illnesses, and the hearings were not concluded until June 23, 1967.
In connection with the foregoing litigation Omer Lynn was required to pay $105.00 for the support of the three infant children of Omer Lynn and Margie Lynn, and Margie Lynn has the custody of the children. For a period of approximately one year she worked at the West Virginia University Hospital in Morgantown, West Virginia. She and Omer Lynn jointly owned the real estate in which she resides in Fayette County, Pennsylvania. On or about April 11, 1966, during the pendency of the foregoing divorce actions in the Court of Common Pleas of Fayette County, Pennsylvania, the petitioner Omer Lynn came to Morgantown, in Monongalia County, West Virginia, where he has been employed by the Department of the Interior, Bureau of Mines, and since that time he has been living in Monongalia County, West Virginia.
At the hearings before the Master, Phillip O. Carr, in the consolidated cases which began September 13, 1966 and ended June 23, 1967, Omer Lynn was present in person and by counsel and Margie Lynn was also present in person and by counsel, and 400 pages of testimony of witnesses were taken and filed. The Master found and reported to the Court of Common Pleas of Fayette County, Pennsylvania, that the parties were properly before the court, that the defendants in both actions were personally served with process in Fayette County, and that the Court of Common Pleas had jurisdiction of the parties and the subject matter in both actions, and recommended that Omer Lynn, the plaintiff in Action 418, be granted a divorce and that Margie Lynn, the plaintiff in Action 82, be refused a divorce. The report of the Master in the consolidated cases was duly filed December 21, 1967.
On January 8, 1968, the Court of Common Pleas of Fayette County, Pennsylvania, by final decree rendered on that date, approved the report of the Master and adopted his findings of fact and conclusions of law and granted Omer Lynn, the plaintiff in Action 418, a divorce from the defendant Margie Lynn and dissolved the bonds of matrimony previously existing between them and awarded costs to the plaintiff in that action.
While the consolidated actions were pending in the Court of Common Pleas of Fayette County, Pennsylvania, and before a final decision in either of them was rendered, the defendant Margie Lynn instituted a civil action, No. 3002, in the Circuit Court of Monongalia County, West Virginia, and caused the petitioner Omer Lynn to be personally served with process in Monongalia County where he was then living. In the original complaint in that action the plaintiff Margie Lynn charged the petitioner with desertion and upon the allegations of that complaint she sought a divorce from him on the ground that he had deserted her for more than one year before the institution of that proceeding. By decree entered September 11, 1967, the Circuit Court of Monongalia County overruled the motion of the petitioner Omer Lynn, the defendant in that action, to dismiss the action on the grounds that he was not a resident of Monongalia County for the period of one year before the institution of that action and that a divorce action was pending between the same parties in Fayette County, Pennsylvania. After overruling the motion the circuit court awarded the custody of the children to Margie Lynn and required the petitioner to pay her $150.00 per month and an attorney's fee of $200.00. On September 30, 1967, the petitioner Omer Lynn made a motion to dismiss the action and filed his answer in which he denied that he had been a resident of West Virginia for either one or two years before the institution of the action and denied the material allegations *476 of the complaint. On January 16, 1968, the petitioner Omer Lynn again filed a written motion to dismiss the action on the ground that the circuit court was without jurisdiction because the petitioner was not a resident of Monongalia County and because of the pendency of the actions in the Court of Common Pleas of Fayette County, Pennsylvania, and for the additional reason that by its final judgment entered January 8, 1968, that court had granted him a divorce from Margie Lynn in Action 418 and filed a certified copy of the decree of divorce.
On January 18, 1968, on motion of Margie Lynn, the circuit court permitted her to file an amended complaint, in which she charged the petitioner with having committed uncondoned adultery within three years preceding the institution of her action. On April 12, 1968 and on June 5, 1968, the circuit court again overruled the motions of the petitioner previously made to dismiss the action on the ground that the circuit court lacked jurisdiction. On December 20, 1967 and June 21, 1968, the circuit court held hearings at which testimony in behalf of Margie Lynn, the plaintiff in that action, was introduced and by which she undertook to prove that Omer Lynn, the defendant in that action, had been a resident of Monongalia County, West Virginia, for more than one year prior to the institution of the action and that he was guilty of desertion and adultery. A transcript of the testimony was filed as an exhibit with the answer of Margie Lynn in this proceeding.
Since the hearing on June 21, 1968, which was after the petition had been filed in this Court on June 17, 1968, the circuit court has refrained from entering any further decrees pending the decision of this Court in this proceeding.
The petitioner Omer Lynn insists that the Circuit Court of Monongalia County is without jurisdiction to hear and determine the action now pending in that court for the reasons that the petitioner is not a bona fide resident of Monongalia County and that the final decree of the Court of Common Pleas of Fayette County, Pennsylvania, which granted him a divorce from the defendant Margie Lynn, is entitled to full faith and credit in the courts of this State and constitutes res judicata of the questions involved in the action pending in the Circuit Court of Monongalia County.
On the contrary the defendant Margie Lynn contends that the unreasonable delay upon the part of the petitioner in prosecuting to final decree the divorce action instituted by him in the Court of Common Pleas of Fayette County, Pennsylvania, his removal from Fayette County, Pennsylvania, to Monongalia County, West Virginia, and his residence there, and his alleged adulterous conduct while living in Monongalia County when the divorce decree was rendered by the Court of Common Pleas of Fayette County, Pennsylvania, constitute fraud upon the part of the petitioner in the procurement of that decree and that, for that reason, the final decree of divorce rendered by that court is not entitled to full faith and credit by the Circuit Court of Monongalia County and does not deprive that court of jurisdiction to hear and determine the civil action now pending in that court.
It can not be clearly determined from the record whether the petitioner is or has been a bona fide resident of Monongalia County, West Virginia, for a period of one year before the institution of the civil action in that county by the defendant or whether, regardless of the period of his residence in that county, the petitioner has been guilty of adultery. He denies that he has been such resident and that he is guilty of adultery. There is no proof that when he moved to Monongalia County, and during his employment there, he intended to remain indefinitely and not to return to his former residence in Fayette County, Pennsylvania. Such proof is necessary to establish his domicile in Monongalia County and this Court has uniformly held that *477 residence, as used in the statute governing divorce, Section 8, Article 2, Chapter 48, Code, 1931, is the equivalent of domicile. Gardner v. Gardner, 144 W.Va. 630, 110 S. E.2d 495; Sutton v. Sutton, 128 W.Va. 290, 36 S.E.2d 608; Taylor v. Taylor, 128 W.Va. 198, 36 S.E.2d 601; Boos v. Boos, 93 W. Va. 727, 117 S.E. 616. As to the charge of adultery the proof of its commission is not clear and convincing inasmuch as the woman, with whom the petitioner is alleged to have committed acts of adultery, in testifying as a witness in behalf of the defendant Margie Lynn, denied that the petitioner had ever committed adultery with her. An allegation of adultery not sustained by proof does not confer jurisdiction. This Court has said that when it appears in a suit for divorce that neither of the parties at the time the suit was brought had been a bona fide resident of this State for at least one year, an allegation of adultery in the complaint, unless sustained by proof, does not give the court jurisdiction of the subject matter. Cobb v. Cobb, 145 W.Va. 107, 113 S.E.2d 193.
The question whether the Circuit Court of Monongalia County is without jurisdiction to entertain the action instituted by the defendant Margie Lynn in that county because the petitioner has not been a bona fide resident of that county need not be considered for the reason that even if the circuit court has jurisdiction of that action, it may not be permitted to entertain and hear or determine it after the entry of the final decree of divorce by the Court of Common Pleas of Fayette County, Pennsylvania, on January 8, 1968; and in undertaking to do so the circuit court exceeds its legitimate powers and will be prohibited from further proceedings in that action, except to dismiss it.
This Court has held in numerous cases that under Article IV, Section 1, of the Constitution of the United States, a valid judgment of a court of another state is entitled to full faith and credit in the courts of this State. Brady v. Brady, 151 W.Va. 900, 158 S.E.2d 359; Aldrich v. Aldrich, 147 W.Va. 269, 127 S.E.2d 385, reversed on other grounds, 378 U.S. 540, 84 S.Ct. 1687, 12 L.Ed.2d 1020; Gavenda Brothers, Inc. v. Elkins Limestone Company, Inc., 145 W.Va. 732, 116 S.E.2d 910, and the many cases cited in the opinion in the Gavenda case. In the Brady case this Court held in point 4 of the syllabus that full faith and credit must be given to the judgment or decree of a sister state if it is not successfully attacked on jurisdictional grounds. See also Caswell v. Caswell, 84 W.Va. 575, 100 S.E. 482; Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366.
It is also well established by the decisions of this Court that by virtue of the full faith and credit clause, Article IV, Section 1, of the Constitution of the United States, a judgment of a court of another state has the same force and effect in this State as it has in the state in which it was pronounced. Aldrich v. Aldrich, 147 W.Va. 269, 127 S.E.2d 385, reversed on other grounds, 378 U.S. 540, 84 S.Ct. 1687, 12 L.Ed.2d 1020; Campbell v. Switzer, 74 W.Va. 509, 82 S.E. 319; Roller v. Murray, 71 W.Va. 161, 76 S.E. 172, L.R.A.1915F, 984, 32 Ann.Cas.1914B, 1139; Wells-Stone Mercantile Company v. Truax, 44 W.Va. 531, 29 S.E. 1006; Crumlish's Adm'r v. Central Improvement Company, 38 W.Va. 390, 18 S.E. 456, 23 L.R.A. 120, 45 Am.St. Rep. 872; Stewart v. Stewart, 27 W.Va. 167; Gilchrist v. West Virginia Oil and Oil Land Company, 21 W.Va. 115, 45 Am. Rep. 555; Black v. Smith, 13 W.Va. 780. It is settled law in this jurisdiction that a judgment rendered by a court of another state or by a court of this State is subject to attack for lack of jurisdiction to render such judgment or for fraud in its procurement. Gavenda Brothers, Inc. v. Elkins Limestone Company, Inc., 145 W.Va. 732, 116 S.E.2d 910, and the many cases cited in the opinion in the Gavenda case.
*478 It is clear beyond question that the Court of Common Pleas of Fayette County, Pennsylvania, had jurisdiction of both the parties and the subject matter of the action in that court in which the final judgment granting a divorce to Omer Lynn was entered and that such judgment was valid in all respects and binding upon the parties. The effect of that judgment was to render the subsequent legal status of the parties single persons and, of course, after the entry of such decree neither Margie Lynn nor Omer Lynn could maintain a divorce action against the other in the courts of this or any other state. See Chapman v. Parsons, 66 W.Va. 307, 66 S.E. 461, 135 Am.St.Rep. 1033, 24 L.R.A., N.S., 1015, 19 Ann.Cas. 453.
As previously indicated, the defendant Margie Lynn could have attacked the validity of the final decree of the Court of Common Pleas of Fayette County, Pennsylvania, in that court, or in the Circuit Court of Monongalia County, West Virginia, on the ground of fraud in the procurement of that judgment by the petitioner Omer Lynn. This she has not done. Though the defendant in the brief in her behalf in this proceeding complains of fraud in the procurement of the final judgment granting a divorce to the petitioner, there is no allegation in any pleading or any proof of any such fraud in the pending action in the Circuit Court of Monongalia County and that question was not presented in any manner in the litigation in the Court of Common Pleas of Fayette County, Pennsylvania.
The final judgment of the Court of Common Pleas of Fayette County, Pennsylvania, from which no appeal has been taken, constitutes res judicata of the issues raised or that could properly be raised in the action pending in the Circuit Court of Monongalia County, West Virginia, and operates as a bar to the maintenance or further prosecution of that action by the defendant Margie Lynn. Under the full faith and credit clause of the Constitution of the United States when a proceeding has been adjudicated by the court of a sister state, the final judgment of that court must be given the effect of res judicata by the court of the forum state. 20 Am.Jur.2d, Courts, Section 137. A final decree granting or denying relief, upon the merits, in an action brought in one state for a divorce may constitute a bar to the maintenance of an action for divorce in another jurisdiction, or, if not a bar, it may be res judicata as to the ground on which such divorce is sought. "Thus, it has been decided that a verdict for the defendant in an action for divorce for cruel treatment bars an action in another state for a divorce on the ground of extreme cruelty, * * *." Nelson, Divorce and Annulment, Second Edition, Volume 3, Chapter 33, Section 33.05.
In Chicago, Rock Island and Pacific Railway Company v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265, the Supreme Court of the United States, in discussing the effect of a judgment of an Iowa court entered during the pendency of a proceeding in a Minnesota court, the subject matter and the parties being the same in both actions, held that "A judgment on the same cause of action may be availed of as a bar in an action pending in another jurisdiction which began before the one in which the judgment was recovered." In the opinion the court said: "The Iowa proceeding was brought and determined upon the theory that Hope was engaged in intrastate commerce; the Minnesota action was brought and determined upon the opposite theory that he was engaged in interstate commerce. The point at issue was the same. That the Iowa court had jurisdiction to entertain the proceeding and decide the question under the state statute, cannot be doubted. Under the federal act, the Minnesota court had equal authority; but the Iowa judgment was first rendered. And, upon familiar principles, irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the *479 other as res judicata. Boatmen's Bank v. Fritzlen [8 Cir.], 135 Fed. 650, 667; Merritt v. American Steel-Barge Co. [8 Cir.], 79 Fed. 228, 234; Williams v. Southern Pac. Co., 54 Cal.App. 571, 575 [202 P. 356]. And see Insurance Co. v. Harris, 97 U.S. 331, 336 [24 L.Ed. 959], where the rule as stated was recognized." From the foregoing it is clear that a judgment rendered in an action in a court of one state may be availed of as a bar to an action involving the same cause of action pending in a court of another state which was instituted before the institution of the action in which the judgment was recovered; and regardless of which action was first instituted the first final judgment rendered in one of such courts becomes conclusive in the other as res judicata.
The essential elements of res judicata have been stated by this Court to be: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and the parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made. Barnett v. Wolfolk, 149 W.Va. 246, 140 S.E.2d 466; Daugherty v. Ellis, 142 W.Va. 340, 97 S.E.2d 33; Hannah v. Beasley, 132 W.Va. 814, 53 S.E.2d 729; Carper v. Montgomery Ward and Company, 123 W.Va. 177, 13 S.E.2d 643; Collins v. Treat, 108 W.Va. 443, 152 S.E. 205; Marguerite Coal Company v. The Meadow River Lumber Company, 98 W.Va. 698, 127 S.E. 644. All of the foregoing essentials of res judicata are present with respect to the issues involved in the actions in the Court of Common Pleas of Fayette County, Pennsylvania, and the pending action in the Circuit Court of Monongalia County, West Virginia.
An adjudication by a court having jurisdiction of the subject matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as an incident to such matters and which comes within the legitimate purview of the subject matter of the action; and it is not essential that the matter should have been formally put in issue in the former litigation, but it is sufficient that the status of the action was such that the parties might have had the matter disposed of on its merits. State ex rel. Queen v. Sawyers, 148 W.Va. 130, 133 S.E. 2d 257; Re: Settlement of the Estate of Frederick P. McIntosh, Sr., 144 W.Va. 583, 109 S.E.2d 153; In Re: The Estate of Amanda Nicholas, Deceased, 144 W.Va. 116, 107 S.E.2d 53, 82 A.L.R.2d 868; Alderson v. Horse Creek Coal Land Company, 81 W.Va. 411, 94 S.E. 716. See also Lane v. Williams, 150 W.Va. 96, 144 S.E.2d 234.
The writ of prohibition lies as a matter of right in all cases of usurpation and abuse of power when the court does not have jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers. Section 1, Article 1, Chapter 53, Code, 1931; State ex rel. Heck's, Inc. v. Gates, 149 W.Va. 421, 141 S.E.2d 369; Rakes v. Ferguson, 147 W. Va. 660, 130 S.E.2d 102; State ex rel. Zirk v. Muntzing, 146 W.Va. 878, 122 S.E. 2d 851, 94 A.L.R.2d 1033; State ex rel. Cecil v. Knapp, 143 W.Va. 896, 105 S.E. 2d 569; State ex rel. Cosner v. See, 129 W.Va. 722, 42 S.E.2d 31; State ex rel. Rufus v. Easley, 129 W.Va. 410, 40 S.E.2d 827; Lake O'Woods Club v. Wilhelm, 126 W.Va. 447, 28 S.E.2d 915; White Sulphur Springs, Inc. v. Ripley, 124 W.Va. 486, 20 S.E.2d 794; Morris v. Calhoun, 113 W.Va. 603, 195 S.E. 341; Wolfe v. Shaw, 113 W. Va. 735, 169 S.E. 325; Midland Investment Corporation v. Ballard, 101 W.Va. 591, 133 S.E. 316; Jennings v. McDougle, 83 W.Va. 186, 98 S.E. 162; Weil v. Black, 76 W.Va. 685, 86 S.E. 666; Powhatan Coal and Coke Company v. Ritz, 60 W.Va. 395, 56 S.E. 257, 9 L.R.A.,N.S., 1225; Johnston v. Hunter, 50 W.Va. 52, 40 S.E. 448; Norfolk and Western Railway Company v. Pinnacle Coal Company, 44 W.Va. 574, 30 S.E. 196, 41 L.R.A. 414.
Although a court has jurisdiction of the subject matter in controversy and of the *480 parties, if it clearly appears that in the conduct of the case it has exceeded its legitimate powers with respect to some pertinent question a writ of prohibition will lie to prevent such abuse of power. State ex rel. State Road Commission of West Virginia v. Taylor, 151 W.Va. 535, 153 S.E.2d 531; Rakes v. Ferguson, 147 W.Va. 660, 130 S.E.2d 102; Chapman v. Parsons, 66 W.Va. 307, 66 S.E. 461, 135 Am.St.Rep. 1033, 24 L.R.A.,N.S., 1015, 19 Ann.Cas. 453.
Though a writ of error or an appeal from a final judgment may be available, prohibition may be invoked when it clearly appears that the trial court is without jurisdiction or has exceeded its legitimate powers. State ex rel. Scott v. Taylor, W.Va., 160 S.E.2d 146; State ex rel. City of Huntington v. Lombardo, 149 W.Va. 671, 143 S.E.2d 535; State ex rel. Zirk v. Muntzing, 146 W.Va. 349, 120 S.E.2d 260; State ex rel. Cosner v. See, 129 W.Va. 722, 42 S.E.2d 31; State ex rel. Rufus v. Easley, 129 W.Va. 410, 40 S.E.2d 827; Lake O'Woods Club v. Wilhelm, 126 W.Va. 447, 28 S.E.2d 915; White Sulphur Springs, Inc. v. Ripley, 124 W.Va. 486, 20 S.E.2d 794; Wolfe v. Shaw, 113 W.Va. 735, 169 S.E. 325; Midland Investment Corporation v. Ballard, 101 W.Va. 591, 133 S.E. 316; Jennings v. McDougle, 83 W.Va. 186, 98 S.E. 162; Weil v. Black, 76 W.Va. 685, 86 S.E. 666; Norfolk and Western Railway Company v. Pinnacle Coal Company, 44 W.Va. 574, 30 S.E. 196, 41 L.R.A. 414.
As it clearly appears that in undertaking to entertain and to hear or determine the pending action instituted by the defendant Margie Lynn, after the rendition of the final judgment of the Court of Common Pleas of Fayette County, Pennsylvania, the Circuit Court of Monongalia County exceeds its legitimate powers and it will be and it is prohibited from all further proceedings in that action except to dismiss it.
The writ of prohibition as prayed for is awarded.
Writ awarded.