**Lana WALL, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 1173.**

United States District Court,
S. D. West Virginia,
Bluefield Division.

May 5, 1970.

Marshall G. West, West, Blackshear & Rundle, Pineville, W. Va., for plaintiff.

W. Warren Upton, Acting U. S. Atty., Charleston, W. Va., Leo J. Meisel, Asst. U. S. Atty., Huntington, W. Va., for defendant.

CHRISTIE, District Judge:

This is an action under Section 205(g) of the Social Security Act, 42 U. S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. A decision by a hearing examiner on September 4, 1969, became the final decision of the Secretary on November 20, 1969, when the Appeals Council denied plaintiff's request for review. For clarity, the plaintiff is hereinafter referred to as the wife and the wage earner is hereinafter referred to as the husband. The final decision holds, *inter alia,* that the wife is not entitled to mother's insurance benefits under Title II of the Social Security Act based on her application filed March 12, 1968, because she does not meet the support requirements applicable to "surviving divorced mothers" as set forth in Section 202(g) (1) (F) of the Act, 42 U.S.C.A. § 402(g) (1) (F).[1]

The wife was married to the husband on November 4, 1937. On May 14, 1962, the Circuit Court of Wyoming County, West Virginia, granted the husband a divorce *a vinculo matrimonii* for adultery. She did not contest this action.

At that time, custody of the infant children of the marriage was granted to the husband. Later, on February 14, 1964, the same court changed the custody of the three children who were under age fourteen to the wife. The husband was ordered to pay $85.00 a month for their support.[2] It is the contention of

1. The applicable statute is as follows:
"The widow and every surviving divorced mother [as defined in section 216 (d)] of an individual who died a fully or currently insured individual, if such widow or surviving divorced mother—
"(A) * * *
"(B) * * *
"(C) * * *
"(D) * * *
"(E) * * *
"(F) in the case of a surviving divorced mother—
"(i) at the time of such individual's death (or, if such individual had a period of disability which did not end before the month in which he died, at the time such period began or at the time of such death)—
"(I) she was receiving at least one-half of her support, as determined in accordance with regulations prescribed by the Secretary, from such individual, or

"(II) she was receiving substantial contributions from such individual [pursuant to a written agreement], or
"(III) there was a court order for substantial contributions to her support from such individual,
"(ii) the child referred to in subparagraph (E) is her son, daughter, or legally adopted child, and
"(iii) the benefits referred to in such subparagraph are payable on the basis of such individual's wages and self-employment income.
shall [subject to subsection (s)] be entitled to a mother's insurance benefit * * *."

2. The decree of February 14, 1964, reads as follows:
"By prior decree herein entered custody of three infant children, offspring of the intermarriage of the parties hereto, was transferred to and vested in petitioner who resides at Stephenson in Wyoming

the wife that this decree of February 1964 should be interpreted as providing for substantial support for her. We cannot agree.

The wife asserts that the Secretary has denied benefits solely because the decree of February 1964 failed to award "alimony" to her and she has sought to explain this alleged deficiency by various exhibits and affidavits that she has inserted in the record. While these documents and their language were undoubtedly submitted in good faith, we are not persuaded by them. We are compelled to point out that the opinions expressed therein overlook a fundamental principle of law. The West Virginia Supreme Court of Appeals, in the leading case of State ex rel. Cecil v. Knapp, 143 W.Va. 896, 105 S.E.2d 569 (1958), has stated that in a suit for divorce, a court, in the exercise of its discretion under the statute relating to the awarding of alimony to the wife (West Virginia Code, 48–2–15), may not award permanent alimony to a wife who is guilty of misconduct and whose husband is granted a divorce because of such misconduct, and its action in making such award constitutes an *abuse of discretion* and *exceeds its legitimate powers* and for that reason is *void and of no force or effect.* See also the case of

Chapman v. Parsons, 66 W.Va. 307, 66 S.E. 461 (1909), where the same court earlier held that a wife guilty of desertion is never entitled to alimony.

As noted, the 1962 divorce was granted to the husband because of the wife's commission of adultery. By West Virginia Code, 48–2–4, adultery is, when uncondoned, a legal ground for the granting of a divorce and the type of misconduct that will undoubtedly cause the forfeiture of the wife's entitlement to alimony. Therefore, it is clear that the Circuit Court of Wyoming County, having previously adjudged the wife guilty of adultery and granted the husband a divorce from her for that reason, could not later legally order him to pay her alimony. All it could do by the decree of February 1964 was to order him to pay for the support of the children, and it is clear both factually and legally that this is all it did or intended to do.

The case being in this posture, we find no basis for the wife's claim here asserted under the Social Security Act, because it is legally impossible for her to meet the support requirements applicable to "surviving divorced mothers." Consequently, the motion of the Secretary for summary judgment is well taken and will be granted.

County, West Virginia, and the plaintiff required by said decree to pay the sum of Eighty-five Dollars ($85.00) per month for the support and maintenance of said children in accordance with an agreement between the parties and the decree of the Court.

"Since the entry of said decree defendant has obtained the custody of said children and cared for them constantly and within the financial ability to provide them with necessities; that the plaintiff has made payments in accordance with said decree but has been slow in getting the payments to the defendant and on several occasions cut the payments from $85.00 to $75.00 so that there is now due and owing to the defendant an arrears of Thirty Dollars ($30.00); that the defendant is trying to supplement this money by working on an ADC program though the County Director has changed the location for such supplemental work; that the total income is not sufficient to provide for the necessities of the children, including medical care and other items and that the said arrears of $30.00 is badly needed for their maintenance and support."