IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JULIA R.,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-406**   (Fam. Ct. Marshall Cnty. Case No. FC-25-2019-D-214)

**PAUL J.,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Julia R.[1] ("Mother") appeals the Family Court of Marshall County's July 26, 2024, and September 11, 2024, orders, which directed the parties' minor child's name change, registered foreign child support orders, and adopted the Respondent's proposed order and parenting plan. Respondent Paul J. ("Father") responded in support of the family court's decision.[2] Mother did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal, in part, in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, reversed, in part, and this case is remanded for further proceedings consistent with this decision.

By way of background, the parties were never married but share one child, born in 2013. At the time of the child's birth, both parties resided in California. Father and his family were present at the hospital for the child's birth, but Father's name was not listed on the birth certificate. Thereafter, Father filed a motion in California to have the child share his last name. On or about February 5, 2014, at a settlement conference, the parties agreed that the child's name would be changed, but the process was never completed due to clerical errors.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by Amanda M. Alexander, Esq. Father is self-represented.

The parties engaged in extensive custody litigation in California, which resulted in multiple court orders. Most relevant to this appeal are the following orders: (1) February 13, 2014, orders establishing paternity and stipulation for name change for minor child; (2) March 14, 2014, order granting Mother's relocation to West Virginia; and (3) June 13, 2016, order relinquishing jurisdiction to West Virginia.[3]

After relocating to West Virginia, Mother attempted to have child support modified in Ohio County, but Father did not consent to child support jurisdiction in West Virginia, and the case was dismissed by order entered January 17, 2018. On or about December 6, 2018, Mother filed a motion to modify child support in California. By order of the Superior Court of California, Father was ordered to pay child support in the amount of $633.00 per month, plus $217.00 per month as a childcare add-on, for a total of $850.00 per month, effective November 1, 2018. On October 16, 2019, Father filed a petition for modification in Ohio County, but it was dismissed for lack of venue by order entered on December 6, 2019, because Mother and Child had relocated to Marshall County in May of 2018.

On December 5, 2019, Father filed multiple California orders in Marshall County to be registered as foreign orders. On or about January 15, 2020, the Marshall County Family Court entered an order confirming registration of all filed foreign orders. In July of 2022, Mother and her husband filed a petition for stepparent adoption in the Circuit Court of Marshall County, wherein they also requested that the child's last name be changed to that of the child's stepfather. Father contested the adoption, which led to its dismissal by order entered August 9, 2023. In its dismissal order, the circuit court found that Father would have continued exercising his parenting time had Mother complied with the terms of the California parenting orders, but did not find that Mother engaged in parental alienation.

Events leading to this appeal began in September of 2023, when Father filed petitions for custody and child support modification and a motion to effectuate the previously stipulated name change in the Family Court of Marshall County. Father also filed a proposed parenting plan, wherein he requested alternating holiday time, six weeks during the summer with an extra week added each year, and three to four days for special family events such as weddings, funerals, and graduations, and regular Skype calls. Additionally, Father filed a petition for contempt against Mother, alleging that she failed to

---

[3] The complete record from California was not included in the appendix but based on the limited documentation provided regarding Mother's relocation, Father was granted one weekend per month to visit Child in West Virginia as well as some holidays. Father's summer visits were to increase each year as the child became older. Following Mother's relocation, the record reflects that she transported the child to California to visit Father once, and Father visited the child in West Virginia a total of three times between 2014 and 2022.

comply with prior custody orders, and a motion for emergency adoption of his proposed parenting plan. In response, Mother filed a motion to dismiss Father's petition to modify child support, arguing that the requirements set forth in the Uniform Interstate Family Support Act ("UIFSA") had not been met.[4]

On October 10, 2023, a hearing was held on Father's petition for contempt and emergency motion. By order entered on October 23, 2023, the family court ordered reunification therapy and ordered the parties to agree within thirty days on which therapist to use. On January 30, 2024, Father filed a motion to register the previously entered California child support order in this State.

On February 20, 2024, Mother filed a proposed parenting plan requesting that: (1) she be granted sole decision-making authority; (2) Father attend parenting and anger management classes; (3) no parenting time occur with Father until the child's reunification therapist states it is appropriate; (4) Father receive parenting time once monthly in West Virginia up to four days at a time with his preference for holiday weekends; (5) a trusted third party remain nearby during visits; and (6) the child be permitted to determine whether she wants to participate in visits and/or Skype calls.

A hearing was held on March 5, 2024. Both parties submitted their respective proposed findings of fact and conclusions of law. The family court entered a final order on July 26, 2024, finding the following: (1) the parties stipulated that the child's name would be changed in 2014 but it was not effectuated due to a clerical error; (2) Father exercised due diligence in attempting to correct the clerical error; (3) Father has engaged in significant litigation to exercise parental time; (4) it is in the child's best interest to reunify with Father and adopt the stipulated name change; (5) Father and his family incurred significant expense to enforce in-person parenting time; and (6) the testimony and evidence support the existence of parental alienation by Mother.

On July 29, 2024, the parties appeared by Microsoft Teams for a subsequent hearing, and the order was entered on September 11, 2024. The September 11, 2024, order specified that the findings of fact and conclusions of law from the July 26, 2024, order were incorporated by reference. Based on those findings and conclusions, the family court granted Father's petition for modification based on a substantial change in circumstances, adopted Father's proposed parenting plan, denied Father's request for child support modification, reaffirmed the registration of all foreign orders, granted Father's motion to effectuate the child's name change to add his last name hyphenated at the end of her current last name, and dismissed the pending petition for contempt. It is from the July 26, 2024, and the September 11, 2024, orders that Mother now appeals.

---

[4] UIFSA addresses the establishment and enforcement of child support orders across state lines, and is found in West Virginia Code, Chapter forty-eight, Article sixteen.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother raises three assignments of error. First, she asserts that the family court erroneously ordered the child's name change without applying West Virginia's statutory considerations. Because the name change order was never properly effectuated in California, we agree with Mother on this issue.[5] West Virginia Code § 48-25-101 (2013)[6] requires the petitioning party to file a verified petition setting forth certain facts and to publish notice of the hearing as a Class I legal advertisement. In addition to the statutory requirements, the Supreme Court of Appeals of West Virginia has held that a petitioning party must prove by "clear, cogent, and convincing evidence that the change would

---

[5] The Supreme Court of Appeals of West Virginia has consistently held that "by virtue of the full faith and credit clause, Article IV, Section 1, of the Constitution of the United States, a judgment of a court of another state has the same force and effect in this State as it has in the state in which it was pronounced." *State ex rel. Lynn v. Eddy*, 152 W. Va. 345, 354, 163 S.E.2d 472, 477 (1968) (citations omitted). A review of the record shows that the name change order was rejected by California due to typographical errors and could not be enforced without a corrected order. Thus, the full faith and credit clause is not applicable.

[6] West Virginia Code § 48-25-101 (2013) provides as follows:

(a) A person desiring a change of his or her own name, *or that of his or her child*, may apply to the circuit court or family court of the county in which he or she resides by a *verified petition* setting forth and affirming the following: [emphasis added]
. . . .
(b) After filing the petition and at least ten days before the hearing to consider the application, *the person shall cause a notice of the time and place that the application will be made to be published as a Class I legal advertisement* in compliance with the provisions of article three, chapter fifty-nine of this code. [emphasis added]

4

significantly advance the best interests of the child." Syl. Pt 3, in part, *Lufft v. Lufft*, 188 W. Va. 339, 424 S.E.2d 266 (1992); *See generally John W. v. Rechelle H.*, No. 18-0329, 2019 WL 2168795 (W. Va. May 20, 2019) (memorandum decision). Here, Father failed to effectuate the order in California, and the family court failed to require Father's compliance with the statutory requirements outlined in West Virginia Code § 48-25-101 and did not analyze whether Father proved that a name change would significantly advance the child's best interests.[7] Therefore, we reverse the family court's decision regarding the child's name change, and remand for further proceedings consistent with this decision.

In her second assignment of error, Mother contends that the family court erred when it confirmed the registration of the improperly filed foreign orders and failed to provide Mother with the statutorily proscribed notice under UIFSA.[8] We disagree, as Mother failed to demonstrate how Father's failure to strictly comply with the notice requirements negatively affected her case. *See William M. v. W. Va. Bureau of Child Support Enf't*, No. 20-0620, 2021 WL 3833867, at *3 (W. Va. Aug. 27, 2021) (memorandum decision) (finding alleged error by family court harmless where petitioners failed to show that they suffered prejudice or had their substantial rights adversely affected by alleged error). Moreover, Mother failed to demonstrate that she suffered prejudice when the family court registered orders that were not support orders subject to UIFSA.[9] Therefore, we find no basis in law to warrant relief and affirm the family court on this assignment of error.

In her third assignment of error, Mother argues that the family court erred when it adopted Father's proposed order with little to no corrections. In support of her argument, Mother cites *Jonpaul C. v. Heather C.*, 248 W. Va. 687, 694, 889 S.E.2d 769, 776 (Ct. App. 2023), where this Court cautioned lower courts from automatically adopting and entering orders outright as prepared by counsel. We disagree with Mother's argument, as this case is distinguished from *Jonpaul C.* in several ways. Notably, the final order in *Jonpaul C.* was nearly three times the length of the final order in the instant appeal and contained no revisions of any kind. However, in this matter, the family court made corrections and revisions to the order before entry. Further, the family court's failure to revise the final order in *Jonpaul C.* was not a determining factor in the overall outcome of the case. Instead, the holding in *Jonpaul C.* is based, in part, on the family court's failure

---

[7] The family court's mere conclusion that the "child's best interests are served by continuing the reunification with [Father] and to adopt the stipulated name change as a natural progression of that assimilation" is not found to be sufficient analysis of the issue.

[8] West Virginia Code § 48-16-605 (2015) addresses the notice requirements for foreign support orders.

[9] The family court registered orders not subject to UIFSA on January 16, 2020. However, the family court properly registered a child support order submitted by Father on January 30, 2024.

to enter an order that adequately reflected the evidence and the family court's rulings in its hearing below. To the extent that this may have happened in the case at hand, Mother fails to point to any reversible error that occurred which rises to the level of that found in *Jonpaul C.* Moreover, our State's highest court has consistently held that family courts are afforded significant deference, and appellate courts are not positioned to act as a fact finder. *See, e.g., Porter v. Bego*, 200 W. Va. 168, 173, 488 S.E.2d 443, 448 (1997) ("We have repeatedly stated that we will accord great deference to findings of fact by a family [court]."); *Jacob H. v. Siera G.*, No. 24-ICA-147, 2024 WL 4787833, at *3 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision) (internal citations and quotations omitted) ("A family court's decision is entitled to significant deference."). *See also In re Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently). Therefore, we affirm the family court on this issue.

Accordingly, we affirm, in part, and reverse, in part, the family court's July 26, 2024, and September 11, 2024, orders.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White